GENOBLES v. WEST.

1. The validity of a former judgment may be attacked in subsequent action brought for that purpose, although other relief be also demanded.
2. A sheriff's return of personal service, while presumptively correct, is

rebutted when disproved by the entry in his writ book, and by the testimony of the deputy to whom the paper was delivered for service, and of the person upon whom the alleged service was made.

3. The Court of Common Pleas·can acquire jurisdiction of a minor by personal service only.

4. Irregularities arising subsequent to the service of a summons cannot properly, it seems, enter into the question of jurisdiction, nor render the judgment void.

5. Where the proper party is served, and makes default, he is bound by the judgment, although incorrectly named in the summons.

6. Parties who take no steps to avoid proceedings relating to land in which they have a future interest, or to prevent strangers from dealing for it with another as his own (they having no positive knowledge of such dealings until after purchase completed), are not estopped from afterwards claiming this land from such purchasers.

7. The statute directing that the order for a judgment by default be endorsed upon the complaint, and that "no execution shall be signed on judgments obtained by default in any other manner," is directory, and a failure to observe this law does not invalidate a judgment otherwise regular.

8. It cannot be assumed that in action for cancellation of deed on the ground of fraud, a judgment was rendered for the plaintiffs without any evidence; but were the fact so, the judgment could not be corrected in a subsequent action.

9. It is not necessary that a summons should be signed and sealed by the clerk of the court.

10. Where dower is renounced upon a mortgage, in which power is given to the mortgagee on default to sell the land, satisfy the mortgage, pay subsequent encumbrances, and turn the surplus over to the mortgagor, all of which is done in the life-time of the mortgagor, his widow cannot claim dower out of this land, or any part thereof.

11. A claim not embraced in the pleadings, nor considered in the court below, disallowed on appeal, without prejudice to appellants' right to raise such issue by amendment in the further progress of the cause on Circuit.

12. A renunciation of dower certified to by the person taking it under his hand and seal, but without stating his office, held sufficient under the proof that such person was at that time a trial justice.

Before FRASER, J., Spartanburg, May, 1884.

In this case the Hon. I. D. Witherspoon, of the sixth Circuit, sat in the place of the Chief Justice, who had been of counsel in the cause.

To the full statement of the case, as made by the Circuit Judge, it will be necessary to add only that the renunciation of dower on the mortgage to, Fowler was as follows: "State of South Carolina, Spartanburg County. I, J. W. Stribling, do hereby certify unto all whom it may concern, that Mrs. Susan B. Genobles, the wife of the above named John A. Genobles, did this day appear before me, and, upon being privately," &c. (following the usual form). Its conclusion was as follows: "Given under my hand and seal this 22d day of November, A. D. 1878. (Signed) John W. Stribling, [L. S.] (Signed) Susan B. Genobles, [L. S.]"

The Circuit decree was as follows:

The cause came up on a report of a special referee and exceptions thereto. On October 26, 1874, John Genobles executed a deed by which he conveyed to the plaintiffs, Edwin Belton Genobles and others, his children by a former marriage, a tract of land described in the complaint, and the subject of litigation in this case. He reserved in this deed a life estate in himself, and at his death the said land was to be sold and the proceeds divided equally amongst his said children, the children of any one of them then dead to take the share of their parents. In this deed no provision was made for his wife, Susan B. Genobles, one of the defendants in this case. To Franklin G. Genobles, another son, and one of the defendants, he gave in said deed one dollar.

On May 31, 1877, the said John Genobles filed a complaint against all of his said children, except Franklin G. Genobles, the purpose of which was to set aside said deed on account of undue influence exercised over him by his said children while he was under incapacity from age, infirmity, and distress of mind, from some great family affliction. To this complaint no answers were filed by any of the defendants, except by Henry C. Genobles, then a minor, near eighteen years of age, by his guardian *ad litem*, as will be hereinafter more fully stated. There is nothing to show that the adult children made any opposition to the wishes of their father, John Genobles, while the testimony taken in the case shows that several of them were willing that their father should have the relief demanded in the complaint; and all of them knew that the complaint had been filed. The cause

was placed on calendar 6, and when it came up for a hearing Judge Mackey, who was then holding the regular term of the court, made a decretal order, in which it was held that said deed "is void as against the plaintiff (John Genobles), and has no legal force and effect," and "that the said deed be delivered up for cancellation by the clerk of this court, and that the same be cancelled and discharged of record, and that the defendants be perpetually enjoined and restrained from exercising any rights and privileges under said conveyance." This decretal order bears date October 20, 1877, and was marked on the back of it, "Filed October 20, 1877," by the clerk of the court.

After these proceedings were had John Genobles executed a mortgage of this land to one Fowler to secure the payment of $300, money borrowed. On this mortgage Susan B. Genobles, then the wife of John Genobles, duly renounced her dower. John Genobles having failed to pay this debt, Fowler, under a power reserved in the mortgage, and after due notice, sold the land to Dr. Cleveland for $801. This sale was made in the lifetime of John Genobles, and after paying the mortgage debt and some small judgments against him, the surplus was turned over to him. The title was made to Dr. Cleveland, and he conveyed the land to the defendant, J. Walter West.

W. L. Genobles, one of the children, purchased six acres of this land from his father, John Genobles, which, by several intermediate conveyances, was also transferred to the defendant, West. His title to this six acres, I understand, is not disputed in this case. John Genobles died January 8, 1883.

Now, the purpose of the present action is to have this decretal order of Judge Mackey "reversed and adjudged null and void," and the parties "enjoined from enrolling the same," and to have the possession of the said land or partition thereof and general relief. Susan B. Genobles, the widow, is a defendant, and claims dower in the land. Franklin G. Genobles, though claiming more in his answer, put in by a guardian *ad litem*, insists in the argument only on the payment of one dollar and interest and costs. The referee has dismissed the complaint as to Rena Genobles, another minor, who is not in any way mentioned in the deed of John Genobles. John Robert Genobles having died

since the commencement of the suit, by an order of the referee his widow and children have been substituted in his place in the action, guardians *ad litem* having been duly appointed by the judge of probate for such of them as are minors.

The case of the plaintiffs in this action is based on the .theory that the proceeding above referred to, which terminated in the decretal order of Judge Mackey of October 20, 1877, is absolutely void, or that it is voidable, and should be set aside by the court in this action, and the plaintiffs remanded to their rights under the deed of John Genobles of October 26, 1874. The objections on which plaintiffs rely, as I understand them, are as follows :

1. That the summons in that case was not signed and sealed by the clerk of the court.

2. That the summons was not served personally on the defendants in that action, or by delivery to such other person as was then required by law.

3. That the decretal order of Judge Mackey was never enrolled or recorded.

4. That the minor, Henry C. Genobles, was not served personally with the summons ; that there was no personal service on him of the notice of application for the appointment of guardian *ad litem ;* and that the notice which was left at his residence was for an application to Judge Northrop, and not to Judge Mackey, by whom the order appointing the guardian *ad litem* was made.

5. That neither the petition for nor order appointing the guardian *ad litem* were filed, nor was his answer filed or served on plaintiffs' counsel in that cause.

6. That the order of Judge Mackey was not endorsed on the complaint.

7. *George T.* Genobles also claims that he was never made a party to that action, one *J. T.* Genobles having been named in the complaint, and not *George T.* or *G. T. Genobles.*

8. None of the defendants in that action answered, except the minor, Henry C. Genobles, in the manner above stated, and it does not appear that the decretal order of Judge Mackey was founded on any report of a referee as to facts, or any testimony taken in open court.

I will state my conclusion on these questions as fully as the time at my disposal will allow :

1. Under the old practice a *writ* in the common pleas or a *subpœna ad respondendum* in equity, by which an action was commenced, was a *process* of the court to compel the attendance of the defendant in order that his person as well as his property might be held to answer the judgment in the common pleas or to secure his answer under oath to the allegations of the bill. It was important, therefore, to have the authority conferred by signature of the clerk under *seal* of the court to such process. The summons now, under the code, is merely a notice that an action has been commenced, to apprise the defendant of the nature and amount of the claims against him, and to compel his attendance on pain of losing all right to dispute the claims or prevent their enforcement. 1 *Wait Pr.*, 468, § 1. I have found nowhere in the acts, or in the books of practice or of forms, any reference to a seal or the signature of the clerk of the court. While these forms in Abbott indicate even the revenue stamp as necessary, the seal and signature of the clerk are conspicuously absent, and I see no use for them.

2. On examining the record in that case I find that the affidavit of service shows, *prima facie* at least, *personal service* of the summons on all the defendants, and Judge Mackey states in his order that the summons had been personally served on all the defendants. If it be true, as alleged by some of the plaintiffs here, that in fact they were not personally served with the summons in that case, it seems to me that this is not the proper way to make the question. It seems to me that under the old practice a bill in equity, to which this action is similar, to set aside a judgment at law, or a decree in equity, would not have been a proper proceeding, if the ground of relief was mere irregularities in the service of process or in the course of proceeding in the cause. The proper mode to correct errors of this kind is, to make a motion in the cause itself, supported by affidavits. and made with due promptness. In *Wagner* v. *Pegues* (10 *S. C.*, 261), it is said "that the powers of equity cannot be invoked to restrain an execution on the ground of irregularity." I am under the impression that there is another case in which it is held by the

present Supreme Court that any errors or irregularities in a cause must have their remedy in the cause itself, and on motion, and not in another action. I have not been able to find the case, but the principle seems to be a good one as it is the best and only way to end litigation. It is true that great wrong may be done sometimes, but this is incident to all human tribunals.

3. A judgment is the final determination of the rights of the parties in an action. While the written instrument purporting to be the judgment in a cause remains in the possession of the judge who is to pronounce it, it is of no effect, and like a deed not delivered. The moment, however, it is filed by the clerk of the court it becomes the judgment of the court and fixes the rights of the parties. The recording of the judgment or order is only to give notice and secure the safety of the record of the solemn acts of the courts. This seems to be the principle on which the case of *Clark* v. *Melton* (19 *S. C.*, 498) is founded. The failure of the clerk to cancel this deed cannot restore it to validity.

4 and 5. On examining the record in that cause, I think that the minor, Henry C. Genobles, was personally and properly served with the summons. The notice of the application for the appointment of a guardian *ad litem* was not, as appears on the paper itself, served personally as the law required. The order for the appointment of the guardian *ad litem* was not filed; the answer was not put in or served on the attorneys for the plaintiff; and the consent of the minor amounted to nothing, as he could not bind himself to anything. The record itself shows that as to this minor, the court never had any jurisdiction, and as to him the judgment *is void*. *Finley* v. *Robertson*, 17 *S. C.*, 439.

6. When courts of limited jurisdiction are created by and derive their power entirely from the legislature, it may be that they are confined in the exercise of this jurisdiction to the precise mode prescribed. In reference, however, to courts of general jurisdiction, I think that the rule is properly laid down in a note on p. 226 of *Potter's Dwarris on Statutes and Constitution*, as follows: "When a statute directs certain proceedings, to be done in a certain way, or at a certain time, and the form or period does not appear *essential* to the judicial mind, the law

will be regarded as *directory.*" When provision of the statute relates to the *essence*, it is *mandatory;* when to the *form or manner*, it is *directory*. *Ib.*, note a, p. 224. I hold, therefore, that the requirement to endorse the judgment on the complaint in cases on calendar 6, now calendar 3, is *directory*, and a failure to do so does not invalidate the judgment when otherwise regular.

7. In that complaint one of the children was called *J. T.* Genobles. There was no *J. T.* Genobles, but one *George T.* Genobles, sometimes called *G. T.* Genobles. It seems that the summons was served on this George T. Genobles, who is a party plaintiff in the action now before the court. If George T. Genobles had appeared and answered and taken no exception to the misnomer, it would now be too late to object to it. He did not appear in the case at all, and I do not see how he can in any way be held bound by a proceeding in which he was not named, or called by a name by which it does not appear that he is known; they are different names and there is no better reason for holding George T. bound by a judgment against J. T., than for holding Mr. Smith bound by a judgment against Mr. Jones.

8. If on this hearing I can reverse an order of Judge Mackey, because he took no testimony and had no evidence before him on which he based the findings of fact on which the order rests, I do not see where is the limit at which one judge is to stop his inquiry into the evidence on which another rested. If I could reverse his judgment or order for a total failure of evidence, I could do it on the same principle for a total failure on any one material point, and I do not see why it could not be done for mere insufficiency. I think there should have been testimony in the case, and there is no positive statement that there was not, and I do not think that I am at liberty to infer that there was no testimony in the case. If there was, however, a judgment without any testimony, I do not see how I am to correct it.

It appears from the testimony that all the children of John Genobles knew of these proceedings now assailed and took no steps of any kind to have them set aside or to prevent strangers from dealing with their father as to this land, as if it were his property. I do not see anything, however, which comes up to

my view of an estoppel in their conduct. A man who has a claim on property is not bound to hunt up persons dealing with it, and give notice of his claim. These claims under this deed, if they had any, did not accrue until after the defendant West had bought and gone into possession of the land. There is nothing to show that they had any positive knowledge of the dealings of Cleveland or West until after they had paid their money for the land, and they certainly gave no consent otherwise than they are bound by the judgment or order of Judge Mackey. The entry made by the clerk during the reference under this complaint cannot affect the rights of the parties. They stand as they were at the commencement of this action.

As to the right of dower in the widow, I do not think it makes any difference whether the order of Judge Mackey is valid or invalid. She had an inchoate right to dower in the land before the deed of 1874, and she released her dower on the mortgage to Fowler. Under a power in this mortgage, Fowler sold the land to Cleveland, and made him title. This was in the life-time of her husband, John Genobles. I take this to be the true doctrine in such cases: "Where there is a foreclosure and sale of the mortgaged premises upon a mortgage *valid against the wife*, the result is entirely to divest her of all claim upon the land, and compel her to look to the surplus proceeds of sale, if any remains after satisfying the mortgage debt." 1 *Scrib. Dower*, 491, § 16. The only cases in this State where there is an allowance out of the surplus, are where the sale has been made after the death of the husband. There are some New York cases where a part of the surplus has been held by the court to meet the wife's claim of dower, if she survives. *Ibid.*, 501–504, §§ 26–30. I do not think the widow is entitled to dower in this land.

It is therefore ordered and adjudged, that the complaint be dismissed as to all the parties plaintiff and defendant, except Henry C. Genobles, George T. Genobles, Franklin G. Genobles, and J. Walter West; and that the parties as to whom the complaint is hereby dismissed do each pay their own costs. It is ordered, that Franklin G. Genobles be paid out of the land one dollar and interest from the death of John Genobles. It is further ordered and adjudged, that a writ of partition do issue to five

persons appointed, two by the plaintiffs, H. C. and G. T. Genobles; two by the defendant West, and one by the clerk, commanding them to divide the said land, so as to set off one-ninth to Henry C. Genobles; one-ninth to George T. Genobles, and the remainder to J. Walter West; and if the land cannot be divided fairly, that they then make their return according to the requirements of said writ. It is further ordered, that the costs of all the parties as to whom this complaint is not dismissed be paid out of the land; and in estimating the costs to be paid out of the land, only so much shall be charged thereon in favor of Henry C. and George T. Genobles, of the costs heretofore accrued as they two were to the whole number of shares claimed by plaintiffs in the land, to wit, two-ninths thereof.

Ordered, that any parties as to whom this complaint is not dismissed have leave to apply at the foot of this decree for any necessary or proper orders in the cause, and that the report of the referee be modified as above stated.

From this decree the defendant, J. Walter West, appealed on the following exceptions, to wit:

I. Because his honor, the Circuit Judge, erred in holding that H. C. Genobles did not have notice of the application for appointment of a guardian *ad litem* in the case of *John Genobles* v. *John W. Genobles et al.*

II. Because his honor, the Circuit Judge, erred in holding that the order for the appointment of the guardian *ad litem* in said cause was never filed, and the answer of such guardian *ad litem* was never put in or served on the attorneys of plaintiffs.

III. Because the Circuit Judge erred in holding that the court never had jurisdiction over said H. C. Genobles in said cause, and that the judgment therein as to him was void.

IV. Because the Circuit Judge erred in holding that though the summons and complaint in said cause of *John Genobles* v. *John W. Genobles et al.* was personally served on G. T. Genobles, he was not barred by the judgment therein, because in said summons and complaint he was incorrectly called J. T. Genobles.

V. Because the Circuit Judge erred in holding that the plaintiffs, H. C. Genobles and G. T. Genobles, were entitled to an

interest in the land in dispute, and in ordering a writ to issue to partition the same.

VI. Because the Circuit Judge erred in not holding that all the plaintiffs are estopped by their conduct, and by the record of the case of *John Genobles* v. *John W. Genobles et al.*, from asking any part of the relief demanded in the complaint, and in not dismissing the complaint as to all of said plaintiffs.

The plaintiffs, except Henry C. Genobles and George T. Genobles, appealed on the ground that his honor erred:

I. In not holding that the seal of court and the signature of the clerk are necessary in issuing of the summons which the plaintiffs seek to set aside.

II. In holding that relief should be refused to these plaintiffs, because they came in by bill instead of by motion to set aside the decree complained of.

III. In not holding that the decree of Judge Mackey was null and void.

IV. In not at least holding that the decree of Judge Mackey was voidable, and, under the facts herein, should be adjudged null and void.

V. In not distinctly finding and holding that Judge Mackey's decree was made without the taking of any testimony whatever.

VI. In not sustaining the exceptions to the referee's report.

VII. In not finding the facts as alleged in the complaint of plaintiffs.

VIII. In not making a decree granting the relief prayed for in the complaint of the plaintiffs.

IX. In finding that any deed was ever made by John Genobles to William L. Genobles for six acres of the aforesaid real estate.

X. Because, at the least, this plaintiff should have had a decree and interest in the six acres of land mentioned in the decree of the Circuit Judge.

XI. In finding that the title of the aforesaid six acres is not disputed in this case.

The defendant, Susan B. Genobles, appealed on the ground that his honor erred:

I. In not sustaining this defendant's exceptions to the report of the referee.

II. In not allowing this defendant dower in the whole of the premises in dispute.

III. In not allowing this defendant dower in at least the surplus of said land over and above what was sufficient to pay the mortgage debt due to W. D. Fowler.

IV. In not allowing this defendant dower in at least the six acres of the said land conveyed by John Genobles to F. J. Genobles.

V. In not holding that there was no proof that the alleged renunciation of dower was made before any person authorized by law to take such renunciation.

*Mr. J. S. R. Thomson,* for plaintiffs.

*Messrs. Bomar & Simpson,* for J. W. West.

*Mr. S. T. McCravy,* for the widow.

July 20, 1885. The opinion of the court was delivered by

MR. JUSTICE WITHERSPOON. A statement of the case is necessary to a proper understanding of the issues involved in this appeal. [The facts are all stated in the Circuit decree.]

We will first consider plaintiffs' second exception, alleging that the Circuit Judge erred in refusing plaintiffs relief "because they came in by bill instead of by motion to set aside the decree complained of." The judgment sought to be set aside by plaintiffs can only be impeached directly and not collaterally. The main purpose of this action is to have the former judgment adjudged null and void, upon the ground that plaintiffs were not personally served, as well as on account of alleged fatal irregularities and omissions in said action. All of the defendants in the former action are represented as plaintiffs in this action. It is true that this action seeks relief beyond the setting aside of the former action, but several causes of action can be united, and no objection has been urged as to improper uniting of causes of action in this

case. We think that the former judgment is directly attacked in this action, and plaintiffs should have been permitted to impeach the same. But this view cannot avail plaintiffs who make this exception, as we are satisfied that in the former action the court did acquire jurisdiction over such plaintiffs by personal service of summons.

In this connection we will next consider the third, fourth, and fifth exceptions of the defendant, J. Walter West, which allege that the Circuit Judge erred in holding that the court never acquired jurisdiction over the persons of the plaintiffs, G. T. Genobles and Henry C. Genobles, in the former action. Henry C. Genobles was a minor when the former suit was instituted. The Circuit Judge concludes from an examination of the record that he was personally served with the summons; but as the application for the appointment of the guardian *ad litem* does not itself show that it was personally served, and as the order appointing the guardian *ad litem* does not show that it was filed, and as the guardian's answer does not show that it was served on plaintiffs' attorney, the Circuit Judge concludes that the record shows that as to the minor, Henry C. Genobles, the court never had jurisdiction in the former case—referring to *Finley* v. *Robertson*, 17 S. C., 439. The sheriff's writ book, introduced without objection, shows that Henry C. Genobles was not personally served. The officer who made the proof of service upon the summons testifies before the referee that he remembers that Henry C. Genobles was not personally served in the former action. Henry C. Genobles also testifies before the referee that he was not personally served in said action. We think this testimony is sufficient to overcome the presumption of service derived from the record. As a minor, Henry C. Genobles could not be bound by his consent, and the court could only acquire jurisdiction over him by personal service of the summons. We conclude that the court never acquired jurisdiction over the person of Henry C. Genobles, and that he is not bound by the judgment in the former case. The exception as to Henry C. Genobles must be overruled.

In this view it will not be necessary to consider the effect of the irregularities referred to by the Circuit Judge. It does not, however, occur to us that such irregularities can properly enter

into the question of jurisdiction, as they arose subsequent to the service of the summons.

The Circuit Judge held that as the plaintiff, G. T. Genobles, was incorrectly called J. T. Genobles in the summons, and as he never appeared or answered, he is not bound by the former judgment. The referee and Circuit Judge both conclude that the plaintiff, G. T. Genobles, was personally served in the former action, although under the name of J. T. Genobles. The sheriff's writ book, introduced without objection, shows that G. T. Genobles was personally served in the former action. Under the decision of *Waldrop* v. *Leonard* (22 *S. C.*, 118), the plaintiff, G. T. Genobles, being then under no disability, must be held bound by the former judgment. The fourth and fifth exceptions of the defendant, J. Walter West, must be sustained so far as they relate to the interest of the plaintiff, G. T. Genobles, in the land, and the Circuit decree must be modified to that extent.

We agree with the Circuit Judge that the doctrine of estoppel does not apply in this case, as urged by defendant West. This disposes of the exceptions of the defendant, J. Walter West.

Having concluded that the court acquired jurisdiction over the persons of all of the plaintiffs in the former action, except Henry C. Genobles, we will recur to plaintiffs' other exceptions involving alleged omissions and errors in the former proceeding after the service of the summons. As already observed, after jurisdiction has been acquired by such service, such irregularities do not render a judgment void.

Plaintiffs' fourth exception alleges that the Circuit Judge erred "in not holding that the decree of Judge Mackey was voidable, and under the facts herein should be adjudged null and void." One of the facts referred to in this exception is that the cause was on calendar 6, and that the decree was not endorsed upon the complaint. The act of March 8, 1875, provides that "no execution shall be signed on judgments obtained by default in any other manner." This act does not provide that an order or judgment will be void unless entered upon the complaint. But we concur with the Circuit Judge, that as the statute relates to form or manner, it is *directory*, and this failure would not invalidate a judgment otherwise regular.

Another circumstance referred to by plaintiff under this exception is that it does not appear that the final order was based upon a reference, or upon testimony taken as to the facts set forth in the complaint. It is to be presumed that the final order was based upon testimony as to the facts alleged in the complaint until the contrary appears. There is no sufficient evidence to show that the order was passed without testimony as to the facts. We are not at liberty to infer that such was the case. But even if it appeared that the former judgment was rendered without testimony, we think the Circuit Judge properly held that he could not correct it.

Plaintiffs in their exceptions also allege that the Circuit Judge erred in not holding that the signature of the clerk and seal of the court were necessary in issuing the summons in the former action. The summons, under the code, does not issue from the court, but is merely a notice by the plaintiff to the defendant, that an action has been commenced, in which the defendant can appear or not, as he thinks proper. · It is not necessary that the summons should be signed and sealed by the clerk of the court.

The other omissions and irregularities referred to in plaintiffs' other exceptions all occurred after all the plaintiffs, except Henry C. Genobles, had been served with the summons in the former action, and we agree with the Circuit Judge that they cannot affect the validity of the final order or judgment in said action.

Plaintiffs' third, fourth, sixth, seventh, and eighth exceptions raise no specific objection to the Circuit decree, and cannot be considered. Plaintiffs' ninth, tenth, and eleventh exceptions cannot be sustained, as nothing was adjudicated by the Circuit decree, as to the six acres of land therein referred to.

The second and third exceptions of the defendant, Susan B. Genobles, the widow, are based upon the ground of error in the Circuit Judge in refusing to allow her claim of dower in the whole land, or at least in the surplus after paying the mortgage debt. Susan B. Genobles renounced her dower according to law upon the mortgage executed by her husband, John Genobles, to W. D. Fowler. This renunciation must be controlled by the terms of the mortgage on which it is made, to which it has reference, and of which it is a part. By recurring to the state-

ment of facts herein it will be observed that the mortgage gave Fowler, the mortgagee, the power to foreclose by a public sale, and to pay from proceeds the mortgage debt and hold surplus subject to rights of other incumbrances, if any, and if none, then to pay same to the mortgagor. It is not contended that Fowler, the mortgagee, abused the trust reposed in him, or in any way failed properly to execute the power conferred upon him. The sale of the mortgaged land was made in the life-time of the mortgagor (the husband), and the surplus, after paying the mortgage debt and two small judgments (incumbrances), was turned over to the mortgagor as provided by the terms of the mortgage. Susan B. Genobles having voluntarily made herself a party to the mortgage by her renunciation, and having thereby disposed of the surplus proceeds of sale, we do not think there was error in refusing her claim of dower.

The fourth exception of Susan B. Genobles alleges that the Circuit Judge erred in refusing to allow her dower in the six acres of land conveyed by John Genobles to J. F. Genobles. The pleadings show that the only issue raised by this defendant was as to her claim of dower in the mortgaged land, upon which dower was renounced. It is true, that a deed for this six acres was introduced before the referee, and that the six acres are in the possession of the defendant West. But the defendant West does not hold or claim the six acres under the Fowler mortgage, but by a title distinct from the mortgage. The pleadings were not amended, nor were they considered as amended by the referee or Circuit Judge so as to extend defendant's claim of dower to embrace the six acres. This exception does not seem to have been taken to the referee's report, or considered by the Circuit Judge. The defendant, Susan B. Genobles', fourth exception must be overruled, but without prejudice to her right to have the pleadings amended in the Circuit Court so as to embrace the six acres, if so advised, before the case is finally disposed of in the Circuit Court.

The fifth exception of the defendant, Susan B. Genobles, must be overruled, as there is sufficient evidence that her renunciation of dower was taken before a trial justice.

The judgment of this court is that the judgment of the Circuit

Court, except as herein modified as to the plaintiff, G. T. Genobles, be affirmed.[1]