1776

ROSEN, ROSEN & HAGOOD, Respondent v. Joseph W. HILLER, Joseph W. Hiller, Jr., Randall S. Hiller, Robert E. Hiller, David N. Hiller, and Hiller Enterprises, a South Carolina General Partnership, Appellants.

(415 S.E. (2d) 117)

Court of Appeals

*Randall S. Hiller,* Greenville, *for appellants.*

*Donald B. Clark,* Charleston, *for respondent.*

Heard Jan. 21, 1992; Decided March 2, 1992.

Reh. Den. March 24, 1992.

*Per Curiam:*

Rosen, Rosen & Hagood (respondent) sued the appellants for breach of contract for failure to pay attorney fees. Respondent obtained a default judgment against the appellants. They appeal. We affirm.

On November 21, 1988, the respondent sued the appellants for attorney fees. The appellants moved for a change of venue. In February, 1989, the chief administrative judge issued an administrative notice stating that on March 6, 1989, the motions calendar would be called for Charleston County. The notice stated *"ALL PENDING MOTIONS* will be called and set for a hearing to be held on March 6, 7, or 8, 1989." Appellants did not appear at the call of the motions calendar and on April 11, 1989, the chief administrative judge issued an order holding the change of venue motion had been abandoned, stricken, and denied. On April 17, 1989, respondent mailed a letter to

counsel for appellants enclosing unsigned, undated, and un-
filed copies of the April 11 order.[1] On April 24, 1989, counsel
for the appellants wrote respondent's attorney acknowledging
receipt of the April 17 letter and order but advised he did not
consider the undated and unsigned copies of the order suffi-
cient notice of its entry.

On May 9, 1989, respondent moved for an order of default
stating that pursuant to Rule 55, SCRCP, the appellants had
not responded to the complaint within fifteen days after ser-
vice of the court's order denying the change of venue motion.
Appellants opposed the default motion.

A hearing was held on June 21, 1989. Appellants argued
they had made motions for change of venue and no signed,
dated, and filed copy of an order denying their motions had
been received by them. The trial judge found it was not neces-
sary for respondent to serve appellants with a signed, dated,
and filed copy of the April 11, 1989, order. The judge found no
rule required such notice and notice of the entry of the order
was effected by serving a written notice of the court's action
on the attorney for the appellants. He then entered a default
judgment against the appellants.

The respondent first points out the case is not properly be-
fore us because appellants failed to move pursuant to Rule 60,
SCRCP, to set aside the default judgment. Aside from the
merits of this argument, we note respondent moved before
the South Carolina Supreme Court to dismiss the appeal
based on the same ground. The Supreme Court denied the
motion without comment. We cannot base a decision on a
ground rejected by the Supreme Court. *Langley v. Boyter*,
286 S.C. 85, 332 S.E. (2d) 100 (1985).

The appellants argue Rule 77(d),[2] SCRCP, requires service
of a signed and dated order. They argue service of the order
by the clerk of court is notice of the entry of the order and be-

---

[1] The letter stated: "In the event you have not received copies directly from
the clerk's office, I am enclosing copies of an order denying your motion for
Change of Venue. . . ." The letter also reminded appellants' counsel he needed
to file a responsive pleading.
[2] Rule 77(d), SCRCP, states:

Immediately upon the entry of an order or judgment the clerk shall serve
a notice of the entry by first class mail upon every party affected thereby
who is not in default for failure to appear, and shall make a note in the
case file or docket sheet of the mailing. Such mailing shall not be neces-

cause respondent's counsel did not serve a signed and dated copy of the order they have not received notice. They buttress their argument by reference to Rule 5(a), SCRCP. On the other hand, the respondent argues Rule 12(a)(1)[3] does not require the service of a signed and dated order but only requires notice of the order be given the appellants. Respondent also argues that in accordance with Rule 5(a), SCRCP, only those orders which by their terms provide for service on a party must be served. Because the order did not by its terms provide for service, Rule 5(a) does not require service of the actual order. Respondent further argues the April 17 letter and unsigned order gave sufficient notice of the entry of the order.

We do not think Rules 77(d), 5(a), and 12(a)(1) are in conflict. A fair reading of Rule 77(d) clearly mandates the clerk of court to give notice of the entry of orders to all affected parties by first class mail. The rule further provides that the clerk need not give notice to parties who already have notice. It further provides that a party may give notice to any other party in the manner provided in Rule 5. We think the reference to Rule 5 in Rule 77(d) refers primarily to Rule 5(b)(1) which deals with the manner in which service of the notice shall be made. Except for orders which on their face require service, nowhere does Rule 5 require service of the actual filed order to effect notice of its entry. In like manner, we see nothing in Rule 12(a) that requires the actual filed order be served upon a party to effect notice. In sum, we read Rules 77(d), 5(a), and 12(a)(1) to require service of notice of the entry of the order, not the order itself.

Having agreed with the trial court that service of a signed, dated, and filed copy of the order was not required to afford notice, the question then becomes whether the respondent's April 17 letter and the unsigned, undated, copy of the April 11 order afforded appellants sufficient notice of its entry. Ordinarily, unless mandated by

sary to parties who have already received notice. Such mailing is sufficient notice for all purposes for which notice of the entry of an order or judgment is required by these rules; but any party may in addition serve a notice of entry on any other party in the manner provided in Rule 5 for the service of such papers.

[3] Rule 12(a)(1), SCRCP, states, in part, "if the Court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 15 days after notice of the Court's action. . . ."

statute or rule of court, a party is not entitled to notice of the entry of a judgment against him. 46 Am. Jur. (2d) *Judgments* Section 160 (1969).

The requirement to serve responsive pleadings within fifteen days under Rule 12(a)(1), SCRCP, is similar to a California rule which requires filing of a notice of intention to move for a new trial within fifteen days after write notice of entry of judgment. In interpreting what was necessary to give notice of entry of judgment under that rule, the California Court of Appeal stated the notice of entry of judgment must be in writing; however, no particular form was required. Any notice in writing which would convey to a losing party that judgment has been entered was sufficient. *Tri-County Elevator Co., Inc. v. Superior Court of Santa Barbara County*, 135 Cal. App. (3d) 271, 185 Cal. Rptr. 208 (1982).

On its face, the April 11 order gives no indication it is an effective order. *Bayne v. Bass*, 302 S.C. 208, 394 S.E. (2d) 726 (Ct. App. 1990) (written order is not effective until it is delivered to the clerk of court for filing). Does the attached letter then give appellants fair notice the order has been signed and filed with the clerk? While we think it is poor practice for attorneys to forward to opposing counsel unsigned, undated, copies of orders we think the letter and unsigned copy of the April 11 order provided sufficient notice to appellants of its filing. The letter does not specifically say the order has been filed, but it is implicit in the letter that it has been filed. Otherwise, respondent would not have indicated the appellants could have already received a copy of the order from the clerk. We hold Rule 77(d) was minimally complied with in this case. By way of advice to the bench and bar, we suggest that in the future any notice of the entry of an order should, at a minimum, include the date of the order and the date of filing.

Appellants also argue in their brief the court erred in failing to grant their change of venue motion. They claim the administrative order setting the date for the motions roster meeting was never served on them. The trial court's order does not reflect this issue was ever decided by the trial court. Therefore, it is not available on appeal. *Connolly v. People's Life Ins. Co. of South Carolina*, 299 S.C. 348, 384 S.E. (2d) 738 (1989).

Accordingly, the order of the trial judge is

Affirmed.