2015

Henry HANNAH, Appellant v. UNITED REFRIGERATED SERVICES, INC., Larry Adams and C.L. Bunch, Defendants, of whom United Refrigerated Services, Inc., is, Respondent.

(430 S.E. (2d) 539)

Court of Appeals

*Scott Elliott,* of *Nauful & Ellis* and *Howard Hammer,* of *Hammer & Hammer,* Columbia, *for appellant.*

*Kenneth L. Childs* and *David T. Duff,* both of *Childs & Duff,* Columbia, *for respondent.*

Heard April 12, 1993; Decided May 17, 1993.

Reh. Den. June 14, 1993.

CURETON, Judge:

Appellant, Henry Hannah, brought suit against his former employer, United Refrigerated Services, Inc. (United), claiming among other things that his dismissal breached the parties' contract of employment formed pursuant to United's employee handbook. Hannah now appeals the trial court's grant

of summary judgment to United. In granting summary judgment, the court found United's disclaimer was conspicuous and, moreover, Hannah had actual notice of the disclaimer. We reverse.

Hannah was employed by United from 1980 until he was terminated on October 31, 1989. He claims he was fired because he had revealed the scheme of other employees to sell warehouse products for their own profit. During his employment, United issued two separate employee handbooks setting forth employment policies and procedures. The original handbook was received by Hannah on May 28, 1986, and the later handbook was received on March 30, 1989. Hannah claims the second handbook affords him contractual rights.

The employee handbook in question begins with a "welcome" section. The second page of this section contains the following paragraph:

> While we have made every effort to be as complete as possible, everything you may want to know cannot be covered in this brief space. This employee handbook is meant to serve as a guideline and is not intended to be a contract between the Company and the employee. The Company reserves the right to modify, delete, or add to any of the policies set forth herein without notice and reserves the right to terminate an employee at any time with or without cause.

At time of receipt of the handbook, Hannah signed an affidavit dated march 30, 1989, which provides as follows:

> This is to certify that I have received the United Refrigerated Services, Inc. Personnel Policy Manual. I fully understand and agree that it is my responsibility to read, understand and abide by the policies contained in this manual. Failure to follow these policies shall constitute grounds for dismissal from employment.

## I.

Both parties agree that under *Small v. Springs Industries, Inc.*, 292 S.C. 481, 485, 357 S.E. (2d) 452, 455 (1987), an employer may become contractually bound by the provisions of its employee handbook absent a conspicuous disclaimer or

provision to the contrary. The parties disagree, however, on whether the disclaimer in this case was "conspicuous" as a matter of law. Hannah also argues that whether or not the disclaimer was conspicuous is a factual question for the jury.

In *Johnson v. First Carolina Financial Corp.*, 305 S.C. 556, 557-58, 409 S.E. (2d) 804, 805 (Ct. App. 1991), this Court affirmed summary judgment as to the conspicuousness of a disclaimer where the handbook included a statement as the beginning of the handbook confirming that it did not alter the employee's at-will status, plus an additional disclaimer after the disciplinary procedures section, and finally a capitalized statement at the end requiring the employee to confirm he understood the handbook did not create an express or implied contract.[1]

Subsequently, in *Marr v. City of Columbia*, __ S.C. __, 416 S.E. (2d) 615, 616 (1992), our Supreme Court affirmed summary judgment as to the conspicuousness of a disclaimer which was placed in large letters on the front cover of the handbook, and then reiterated in large bold type on a separate page of the handbook.

In this court's recent opinion in *Kumpf v. United Telephone of the Carolinas, Inc.*, __ S.C. __, 429 S.E. (2d) 869 (S.C. Ct. App. 1993) because *Small* does not define conspicuousness, we turned to the Uniform Commercial Code for guidance. S.C. Code Ann. § 36-1-201(10) provides that "the language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color." We held that a disclaimer located in the "conclusion" section of a handbook that was not capitalized, in bold type, set apart with distinctive border, or in contrasting type or color, was not conspicuous.

Both parties and the trial court cite *Nettles v. Techplan Corp.*, 704 F. Supp. 95 (D.S.C. 1988), for the proposition that the relative location of the disclaimer in the handbook is an important consideration in a determination of conspicuousness. The disclaimer in *Nettles* was neither in bold type nor in contrasting type or color. However, it was contained in a separate paragraph on the first page of the manual. In granting summary judgment, the District Court concluded that the disclaimer was "sufficiently conspicuous such that a reasonable

---

[1] The absence of Johnson's signature acknowledging this statement was immaterial because he had claimed the handbook was part of his contract.

person against whom it is to operate ought to have noticed it." *Id.* at 98.

United implicitly concedes that except for the relative location of the disclaimer in the handbook, there is nothing else distinctive about it. The test for conspicuousness is whether there is something about the provision that reasonably calls attention to it. *See* S.C. Code Ann. § 36-1-201 official comment 10 (1976). We discern nothing in the relative location of the provision in question that would reasonably call its contents to the attention of a reasonable person.[2] Accordingly, we hold the provision is not conspicuous as a matter of law.

Hannah argues that in any event the question of whether or not the provision was conspicuous is a question of fact for the jury to decide. Although not necessary for our disposition of this case, we address this issue for the benefit of the bench and bar of this State. In *Nettles* the court held "the issue of whether the disclaimer was appropriately conspicuous is, in the first instance, one for the court to decide." 704 F. Supp. at 97. Additionally, S.C. Code Ann. § 36-1-201(10) reserves to the court this determination. We also hold that whether the provision is conspicuous is a decision to be made by the court.

## II.

The trial court held that regardless of whether the disclaimer was conspicuous, Hannah had actual notice of it. Hannah claims error in the trial court's finding that he had actual notice of the disclaimer so as to preclude his claim of reliance on the handbook. We reverse the trial court's finding.

The affidavit set out above does not provide that Hannah did in fact read the entire handbook and the disclaimer, nor does it include a separate provision ensuring Hannah understood the handbook, thereby preserving his at-will status.

As to actual notice, Hannah's testimony, when read in the light most favorable to him, was that he read parts of the

---

[2] We agree with United that location is a factor to be considered in determining whether a disclaimer is conspicuous.

handbook but could not say for sure which parts he read and which parts he did not read.

A person who knows of a thing has notice thereof. *Walker v. Preacher*, 185 S.C. 462, 467, 194 S.E. 868, 870 (1938) (citation omitted). Stated differently, "[n]o one needs notice of what he already knows." *Id; Dicks & Gillam, Inc. v. Cleland,* 295 S.C. 124, 128, 367 S.E. (2d) 430, 433 (Ct. App. 1988). "Actual notice is synonymous with knowledge." *Jefferson County Bank v. Erickson,* 247 N.W. 245, 247 (Minn. 1993) (citation omitted). We hold Hannah's testimony is not sufficiently conclusive to hold as a matter of law that he had actual notice of the disclaimer portion of the handbook. Accordingly, the trial court erred in granting summary judgment on this issue because there was a reasonable inference that Hannah read some of the handbook, but failed to read the "inconspicuous" disclaimer. *See Marr,* 416 S.E. (2d) at 616 (only if no material facts are at issue should the court grant summary judgment).

Accordingly, the order of the trial court is reversed and the case remanded to the trial court.

Reversed and remanded.

SHAW and GOOLSBY, JJ., concur.

