THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Barbara S. Robertson, in her capacity as 
 conservator for Samuel E. Smalls, Jr.,       
Appellant,
 
 
 

v.

 
 
 
Patricia Mitchell; John Doe and Jane Doe, 
 Fictitious names designating any unknown persons who claim to be heirs 
 of Samuel E. Smalls; Richard Roe and Susan Roe, Fictitious names designating 
 any unknown persons who claim to be heirs of Daisy Smalls; Boisey Gray, 
 Lucky Wheeling and Zebedee Smalls, if they be alive; and All other persons 
 unknown or having or claiming any rights, title, estate, or interest in 
 or lien upon the real property described in the complaint being designated 
 collectively as Mark Coe and Mary Coe, including all heirs, distributes, 
 or devisees of any unknown persons in the Armed Forces of the United States 
 of America, any minors and including persons non-compos mentis and all 
 other persons under any disability of any kind or nature who might have 
 claim to or any right, title, estate or interest in or lien upon the real 
 estate described in the complaint,       
Respondents.
 
 
 

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court 
 Judge

Opinion No.    2003 - UP- 365
Submitted May 12, 2002 - Filed May 21, 
 2003

APPEAL DISMISSED

 
 
 
George E. Graham, of Conway, for Appellant.
Mary Mitchell, of Brooklyn, New York, and Robert J. Moran, 
 Jr., of Murrells Inlet, South Carolina, for Respondents.
Louis R. Morant, of Georgetown, South Carolina, for the Guardian 
 ad Litem.
 
 
 

PER CURIAM:  This is an action to quiet 
 title to three parcels of land brought by Barbara Robertson against Patricia 
 Mitchell and unnamed heirs.  The matter was heard by the master-in-equity.  
 Robertson was awarded damages for unjust enrichment and a third person, Mary 
 Mitchell, the mother of the named defendant, was found to be an heir entitled 
 to an interest in one of the parcels.  Mary Mitchell filed a post-trial motion 
 to alter or amend the judgment, which the master denied.  Robertson appealed.  
 We find the appeal is untimely and therefore dismiss for lack of jurisdiction. 
 [1] 
The masters order on the merits was filed June 
 18, 2001.  Robertsons attorney sent a copy of the order to Patricia Mitchells 
 attorney on June 22, 2001.  
Mary Mitchell, who was pro 
 se at the hearing in this matter, filed a post-trial motion to alter 
 or amend the judgment in mid-July. 
 [2]   The master denied the motion in a form order dated September 25, 2001 
 on the basis (1) it was untimely, and (2) because Mary Mitchell sought to introduce 
 new evidence.  
Robertson did not serve her 
 notice of appeal until October 26, 2001.  Patricia Mitchell thereafter moved 
 to dismiss the appeal on the ground it was untimely and this Court did not have 
 jurisdiction.  Because the initial briefs were already in, Patricia Mitchell 
 was asked to address the timeliness issue in the Respondents Brief, and Robertson 
 was to address it in her Reply Brief.  
In her brief, Patricia Mitchell essentially contends 
 the post-trial motion filed by her mother, Mary Mitchell, was untimely and only 
 a timely post-trial trial motion stays the time for appeal for all parties.  

In the Reply Brief, Robertson argues only that the time for 
 appealing technically has not started to run because the Georgetown County clerk 
 of court never served the parties with notice of the entry of judgment as required 
 by Rule 77(d), SCRCP.  She has submitted an affidavit from the clerks office 
 verifying there is no indication in the court records that notice was sent from 
 the clerks office.    
Under Rules 52(b) and 59(e), SCRCP, a motion to alter or 
 amend the judgment must be served no later than ten days after receipt of written 
 notice of the entry of the order.  When a timely post-trial motion is 
 made, it stays the time for appeal for all parties until receipt of written 
 notice of entry of the order granting or denying the motion.  Rule 203(b)(1), 
 SCACR.
The timeliness of the current appeal depends on whether Mary 
 Mitchells post-trial motion was timely made.  The problem in this case is we 
 cannot tell from the record or any other documents, however, when Mary Mitchell 
 received notice of the entry of judgment in order to verify when the time for 
 appeal began to run.    
This question is not addressed by Robertson, the appellant, 
 in her brief.  Rather, Robertsons only argument in support of her assertion 
 that the appeal is timely is that the time for appeal has not started to run 
 because the clerk never mailed out a notice of the entry of judgment as required 
 by Rule 77(d), SCRCP.  This rule provides in relevant part as follows:

Immediately upon the entry of an order or judgment the clerk 
 shall serve a notice of the entry by first class mail upon every party affected 
 thereby . . . .  Such mailing shall not be necessary to parties who have 
 already received notice.

Rule 77(d), SCRCP (emphasis added).
 Contrary to Robertsons assertion, the time for 
 the appeal has not failed to start running merely because the clerk did not 
 mail out notice of the original entry of judgment.  As noted above, the rule 
 expressly provides that notice from the clerk is not necessary where the parties 
 have already received notice.  See Rosen, Rosen & Hagood v. Hiller, 
 307 S.C. 331, 334, 415 S.E.2d 117, 118 (Ct. App. 1992) (noting Rule 77(d) further 
 provides that the clerk need not give notice to parties who already have notice).  

At this point, Robertson has shown no error in the masters 
 determination that the post-trial motion was untimely.  The only argument Robertson 
 makes for finding the appeal is timely is her incorrect statement that the time 
 for appeal has never started to run.  She does not otherwise specifically challenge 
 the masters finding.  Because the ruling that Mary Mitchells post-trial motion 
 is untimely stands, the time for appeal was not stayed.  Robertsons time for 
 appeal therefore began to run no later than June 22, 2001, the date she had 
 notice of entry of the judgment as indicated by the fact that her attorney sent 
 the order to the opposing attorney in this case.  Accordingly, her notice of 
 appeal served on October 26, 2001 was too late and this Court does not have 
 jurisdiction to consider the appeal.  See, e.g., Mears v. Mears, 
 287 S.C. 168, 337 S.E.2d 206 (1985) (stating the time for service of the notice 
 of appeal is a jurisdictional requirement and the time for service may not be 
 extended by an appellate court). 
APPEAL DISMISSED.
GOOLSBY and HOWARD, JJ., and BEATTY, A.J., concur.

 
 
 [1]   We decide this case without oral argument pursuant to Rule 215, 
 SCACR.

 
 
 [2]   The motion is dated July 11, 2001.  The cover letter actually sending 
 the motion to the court is dated July 16th, however, and there are two certificates 
 of service indicating it was served on the attorneys for Robertson and Patricia 
 Mitchell, the named parties, on July 17th.