597 S.E.2d 819

**Michael E. UPCHURCH, Respondent,**

v.

**Susan O. UPCHURCH, Appellant.**

**No. 3789.**

Court of Appeals of South Carolina.

Heard April 6, 2004.

Decided May 3, 2004.

Rehearing Denied June 25, 2004.

David L. DeVane and Gregory Samuel Forman, both of Charleston, for Appellant.

Kenneth A. Campbell, Jr. and Lucius Scott Harvin, both of Walterboro, for Respondent.

ANDERSON, J.:

Michael E. Upchurch ("Husband") brought this action against Susan O. Upchurch ("Wife") seeking tuition and child support payments. The family court granted Husband's request for child support, ordering Wife to pay it retroactive to the filing of the summons and complaint. We find this court is without jurisdiction to review this case because the notice of appeal was not timely served.

## *FACTUAL/PROCEDURAL BACKGROUND*

Husband and Wife were married in March 1981. They had three children, Sloane G. Upchurch, born September 19, 1984, Michael O. Upchurch, born October 25, 1985, and Catherine Ellis Upchurch, born May 29, 1989. Husband and Wife subsequently divorced on February 3, 2001.

At the time of their divorce, they had entered into a separation agreement, which was incorporated into the final divorce decree of February 3, 2001. Pursuant to the decree, Husband and Wife were awarded joint custody of the three children, with Husband serving as the primary custodial parent subject to Wife's right to reasonable visitation. With regard to child support, the decree ordered: "Due to the current financial situation of the parties, including the wife's establishment of a new household in Charleston, South Carolina, the husband waives child support. The husband and

wife may decide to revisit the issue of child support should the financial situation of either party change drastically."

In September 2001, Husband brought the present action requesting that the family court order Wife to pay private school tuition and child support. At the hearing, Husband testified there had been a dramatic change in his financial circumstances. He claimed that his oldest daughter would be attending college soon, giving rise to substantial tuition and related expenses. Husband also testified that medical expenses for the children had increased due to injuries that were not covered by insurance and orthodontic treatment required for all three children. Wife did not object to this testimony. The only objection she raised concerned testimony regarding Husband's payment of their oldest daughter's college expenses, which would occur after the daughter had reached eighteen.

Wife's circumstances had also changed since the divorce. At the time of the original divorce decree, she had just purchased her own home in Charleston and had incurred substantial expense in establishing a new household there. Wife, however, subsequently sold her new home and moved to Savannah, Georgia. She received $31,000 profit from the sale.

The family court concluded Husband was entitled to receive child support. In its ruling, the court observed that because Wife had sold her home in Charleston and was no longer established in a new household, "[t]he reason for waiving support no longer existed." In determining the amount of child support owed, the court opined that it would apply the Child Support Guidelines, using financial declarations submitted by Husband and Wife. In setting the amount, the court noted Wife was currently unemployed but was receiving income from a severance package with her previous employer. The court found, because Wife held a master's degree, it was appropriate to impute to her a monthly income of $3,600. Based on these facts, the family court awarded Husband child support retroactive to the time he commenced the present action.

### STANDARD OF REVIEW

In appeals from the family court, this Court has authority to find facts in accordance with our own view of the

preponderance of the evidence. *Woodall v. Woodall,* 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996); *Rutherford v. Rutherford,* 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992); *Charest v. Charest,* 329 S.C. 511, 515, 495 S.E.2d 784, 786 (Ct.App.1997). This broad scope of review, however, does not require us to disregard the findings of the court below. *Stevenson v. Stevenson,* 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981). We are mindful that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *McAlister v. Patterson,* 278 S.C. 481, 483, 299 S.E.2d 322, 323 (1982); *Cherry v. Thomasson,* 276 S.C. 524, 525, 280 S.E.2d 541, 541 (1981); *Kisling v. Allison,* 343 S.C. 674, 677, 541 S.E.2d 273, 275 (Ct.App.2001).

### *LAW/ANALYSIS*

As a threshold matter, Husband argues this court lacks jurisdiction to review this case because Wife's notice of appeal was not timely served. We agree.

Under the South Carolina Appellate Court Rules, a notice of appeal from a domestic relations action "shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment." Rule 203(b)(1) & (3), SCACR. An order becomes effective once the judge delivers it to the clerk of court. *See Bayne v. Bass,* 302 S.C. 208, 209, 394 S.E.2d 726, 727 (Ct.App.1990) (holding that until a ruling is reduced to writing, signed by the judge, and delivered for recordation it is not binding on the parties). "The recording of the judgment or order is only to give notice and secure the safety of the record of the solemn acts of the courts." *Genobles v. West,* 23 S.C. 154, 160 (1885). "Any notice in writing which would convey to a losing party that judgment has been entered [i]s sufficient." *Rosen, Rosen & Hagood v. Hiller,* 307 S.C. 331, 335, 415 S.E.2d 117, 119 (Ct.App.1992). "A person who knows of a thing has notice thereof. Stated differently, '[n]o one needs notice of what he already knows.'" *Hannah v. United Refrigerated Servs.,* 312 S.C. 42, 47, 430 S.E.2d 539, 541 (Ct.App.1993). Actual notice is synonymous with knowledge. *Strother v. Lexington County Recreation Comm'n,* 332 S.C. 54, 63 n. 6, 504 S.E.2d 117, 122

n. 6 (1998). "Notice is regarded as actual where the person sought to be charged therewith either knows of the existence of the particular facts in question or is conscious of having the means of knowing it, even though such means may not be employed by him." *Id.*

In the present case, the presiding family court judge signed the order under appeal on May 30, 2002. The following day on May 31, 2002, the judge's administrative assistant mailed the original signed order to the Colleton County Clerk of Court. The cover letter enclosed with the order asked the clerk to file the order and forward copies to the parties' attorneys of record. The judge's administrative assistant also carbon copied both attorneys of record and included a copy of the family court's signed order. By letter dated August 23, 2002, Wife's attorney acknowledged receiving the copy of the signed order from the judge's administrative assistant, but noted that he did not consider the signed and dated, but as yet unfiled, copy of the order sufficient notice of its entry.

We find the letter and accompanying copy of the signed order from the family court judge's administrative assistant was sufficient "written notice of entry of the order or judgment" to begin tolling the thirty-day time limit for appeal under Rule 203(b)(1), SCACR. Though our courts have not addressed the question of when notice of written entry of judgment has occurred under Rule 203(b)(1), this Court has addressed the application of a similar notice requirement in *Rosen, Rosen & Hagood v. Hiller.*

In *Rosen, Rosen & Hagood,* the plaintiff law firm sued one of its former clients for unpaid attorney fees. Prior to trial, the defendant moved for change of venue. After the defendant failed to appear at the call of the motions calendar, the chief administrative judge issued an order holding the change of venue motion had been abandoned, stricken, and denied. *Id.* at 332, 415 S.E.2d at 117. The law firm mailed a letter to defendant's counsel enclosing an unsigned, undated, and unfiled copy of the order. *Id.* at 332–33, 415 S.E.2d at 117. The defendant's attorney responded by letter in which he acknowledged receipt of the order, but noted that he did not consider the unsigned order sufficient notice of its entry. *Id.* at 333, 415 S.E.2d at 117. This court disagreed, finding the letter and

unsigned, undated order provided sufficient notice that the order had been signed and entered. *Id.* at 335, 415 S.E.2d at 119.

In the present case, the notice provided to Wife's attorney was more substantial than that which was deemed minimally sufficient in *Rosen, Rosen & Hagood.* Here, unlike the situation in *Rosen, Rosen & Hagood,* Wife's attorney received a copy of the signed and dated order that was entered by the family court judge. Furthermore, the letter and order were received directly from the judge's chambers, not from opposing counsel or other party. We discern no reason why the rationale this court followed in *Rosen, Rosen & Hagood* does not compel a similar result in the instant case.

We find the notice of appeal in this case was not timely served. The present appeal is therefore

**DISMISSED.**

HEARN, C.J. and BEATTY, J., concur.