1527

Peggy Lynn BAYNE, Personal Representative of the Estate of Orene H. Bass, Appellant v. William C. BASS, Respondent.

(394 S.E. (2d) 726)

Court of Appeals

*Charles W. Blackwell,* of *McMehan & Blackwell,* Rock Hill, *for appellant.*

*James R. Honeycutt,* Fort Mill, *for respondent.*

Heard June 5, 1990.

Decided July 23, 1990.

LITTLEJOHN, Justice:

In this Family Court action, Plaintiff Orene H. Bass (Wife) sought a divorce from Defendant William C. Bass (Husband). The Husband defaulted. At the end of the hearing the trial judge announced from the bench that the Wife had proved her case and that a divorce would be granted. He instructed her attorney to ". . . prepare a decree, . . . ." Thereafter, before the decree was signed, the Wife committed suicide. Two days after her death, the judge signed a final decree granting the divorce along with other relief which order was filed with the clerk.

Thereafter counsel for the Husband moved the Court for an order ". . . altering, amending and vacating this Court's Order . . ." on the ground that the order was null and void.

After a hearing the court vacated its order. The Wife's interest, then represented by Peggy Lynn Bayne, personal representative of the Wife's estate (Substituted Plaintiff), resisted the motion. The motion was granted and this appeal followed.

The sole issue submitted to this Court as taken from counsel's brief is as follows:

> When a party to a divorce action dies after the hearing and the verbal decision of the court, but before that decision can be reduced to writing, may the Family Court proceed to issue its decree of divorce?

We hold that the Order granting the divorce was void and that the court properly vacated its own order.

Rule 26 of the South Carolina Rules of Family Court requires an order or judgment to set forth specific findings of fact and conclusions of law. It must be signed by the judge certifying compliance and must be issued as soon as possible after the hearing. The ruling of the trial judge was mandated by the case of *Louthian and Merritt, P.A. v. Davis*, 272 S.C. 330, 251 S.E. (2d) 757 (1979), wherein the court, speaking through Associate Justice, and now Chief Justice, George T. Gregory Jr., said:

> ... The lower court held that Mrs. Davis' death prior to the entry of a judgment in the divorce action abated the entire divorce action and deprived the court of subject matter jurisdiction to award attorneys' fees. We affirm.

Over and above the ruling in that case, there is an additional ground upon which the vacation of the decree must be sustained. In *Case v. Case*, 243 S.C. 447, 134 S.E. (2d) 394 (1964) the Supreme Court of South Carolina specified the time at which a final decree becomes effective. The Court cited with approval the case of *Archer v. Long*, 46 S.C. 292, 24 S.E. 83 as follows:

> Until the paper has been delivered by the judge to the clerk of court, to be filed by him as an order in the case, it is subject to the control of the judge, and may by him be withdrawn at any time before such delivery. In the case of *Genobles v. West*, 23 S.C. [154] 160, the circuit judge well says: 'A judgment is the final determination of the rights of the parties in an action. While the written instrument purporting to be the judgment in a cause remains in the possession of the judge who is to pronounce it, it is of no effect, and like a deed not delivered. ***'

Even if as contended by defendant the trial Judge granted an oral divorce to plaintiff such pronouncement is not a final ruling on the merits nor is it binding on the parties until it has been reduced to writing, signed by the Judge and delivered for recordation. The Decree must be in writing and until such time the Judge may modify, amend or rescind such an oral Order.

For reasons stated herein, the order of the trial judge vacating the divorce decree is hereby

Affirmed.

SANDERS, C.J., and SHAW, J., concur.