515 S.E.2d 259

**Betty L. BOWMAN and Tomeka McAllister, Appellants,**

v.

**RICHLAND MEMORIAL HOSPITAL and Otis Elevator Company, Defendants,**

**of whom Richland Memorial Hospital, is Respondent.**

**No. 2963.**

Court of Appeals of South Carolina.

Submitted Feb. 9, 1999.

Decided March 15, 1999.

---

4. We note that in the case before us there is no dispute about the appellant's presence during the armed robbery.

Daniel K. Felker, of Ratchford & Associates, of Columbia, for appellants.

Raymon E. Lark, Jr., of Austin, Lewis & Rogers, of Columbia, for respondent.

HUFF, Judge:

Betty L. Bowman and Tomeka McAllister appeal the trial judge's order dismissing Richland Memorial Hospital as a defendant in this action. We reverse.

## FACTUAL/PROCEDURAL BACKGROUND

On January 10, 1996, Betty L. Bowman and Tomeka McAllister (appellants) filed this negligence action against Otis Elevator Company and Richland Memorial Hospital (Hospital) seeking damages for personal injuries arising from an elevator accident that occurred on March 31, 1994. Thereafter, the

Hospital filed a motion to dismiss, a motion to strike, and a motion to make the complaint more definite and certain. During a hearing on the Hospital's motions, appellants' counsel offered to amend the complaint based upon Hospital's objections. Thereafter, the trial judge signed an order on September 19, 1996, which read as follows in pertinent part:

IT IS THEREFORE ORDERED that the Motion to Dismiss and in the Alternative to Make More Definite and Certain are granted, with leave of the Plaintiffs to amend their complaint *within ten (10) days of the date of this order.* Failure to so amend, will result in dismissal of the Defendant, Richland Memorial Hospital, without prejudice.

(emphasis added). The above order was filed with the clerk of court on September 23, 1996.[1]

On October 2, 1996, appellants served an amended complaint on the Hospital.[2] In response to service of the amended complaint, the Hospital filed another motion to strike, a motion to make the complaint more definite and certain, and a motion to dismiss alleging noncompliance by the appellants with the judge's previous order. Appellants then filed a motion to amend the complaint along with a proposed second amended complaint. After a hearing on the parties' motions, the trial judge dismissed the Hospital as a defendant. He found that appellants failed to amend their complaint within ten days of the date of the September 19, 1996, order as mandated by the order. He reasoned as follows:

As shown by the filed Certificate of Service for the Amended Complaint, [the Amended Complaint] was served on Hospital's counsel by hand delivery on October 2, 1996, which is thirteen (13) days from the date of the Order.... Consequently, Plaintiffs have failed to set forth facts sufficient to constitute a cause of action against Hospital under Rule 12(b)(6), SCRCP, or alternatively, the Court lacks

1. The record on appeal indicates that after the hearing, both parties submitted proposed orders for the circuit court judge to sign.

2. Appellants' counsel waited until October 2, 1996, to serve the amended complaint due to his belief that the "date of the order" was September 23, 1996, the date the order was filed, not the date the order was signed by the circuit court judge. Counsel's assumption regarding the date of the order is indicated by a handwritten memo to a law clerk and notations on counsel's desk calendar.

jurisdiction over the subject matter under Rule 12(b)(1) or it lacks jurisdiction over the person under Rule 12(b)(2).

The trial judge granted appellants' motion to amend, but held that "[appellants] must file and serve a new Second Amended Summons and Second Amended Complaint upon Hospital, given its dismissal from the action." [3]

On June 30, 1997, appellants filed a motion to reconsider, a motion for amendment of judgment, and a motion for relief from judgment under Rules 59 and 60, SCRCP. The trial judge summarily denied appellants' motions and this appeal followed.

## ISSUE

Did the trial judge err in dismissing the Hospital as a defendant on the basis that appellants failed to amend their complaint within the time frame designated by the September 19 order?

## ANALYSIS

An order is not final until it is written and entered by the clerk of court. *First Union National Bank of South Carolina v. Hitman, Inc.*, 306 S.C. 327, 411 S.E.2d 681 (Ct. App.1991), aff'd, 308 S.C. 421, 418 S.E.2d 545 (1992). Until an order is written and entered by the clerk of court, the judge retains discretion to change his mind and amend his ruling accordingly. *Id.* In *Bayne v. Bass*, 302 S.C. 208, 394 S.E.2d 726 (Ct.App.1990), this court stated as follows:

*Until the paper has been delivered by the judge to the clerk of court, to be filed by him as an order in the case, it is subject to the control of the judge, and may by him be withdrawn at any time before such delivery ....* 'A judgment is the final determination of the rights of the parties in an action. *While the written instrument purporting to be the judgment in a cause remains in the possession of the judge who is to pronounce it, it is of no*

---

3. This action against the Hospital is governed by the South Carolina Tort Claims Act which has a two year statute of limitations. *See* S.C.Code Ann. § 15–78–110 (Supp.1998). Thus, appellants assert any action against the Hospital filed after March 31, 1996, may be barred by the statute of limitations.

*effect,* and like a deed not delivered. \* \* \* ' Even if as contended by defendant the trial Judge granted an oral divorce to plaintiff such pronouncement *is not a final ruling on the merits nor is it binding on the parties until it has been reduced to writing, signed by the Judge and delivered for recordation.* The Decree must be in writing and until such time the Judge may modify, amend or rescind such an oral Order.

302 S.C. at 209–210, 394 S.E.2d at 727 (Ct.App.1990) (citation omitted) (quoting *Archer v. Long,* 46 S.C. 292, 24 S.E. 83 (1896)) (emphasis added).

■ Based upon the aforementioned case law, the final and effective date of the trial judge's order was the date the order was entered by the clerk of court on September 23, 1996, not when the order was signed. The order was not binding on the parties until it was delivered to the clerk of court for filing. Thus, we find the appellants had ten days from the date the order was entered by the clerk of court to amend their complaint before the Hospital could be dismissed from the action based upon noncompliance with the order. In this case, appellants filed and served the amended complaint on October 2, which was within ten days of the date of the order. Thus, the trial judge erred in holding that appellants failed to amend their complaint within the time frame specified in the order.

Our holding is further mandated by principles of fairness and equity. The parties to an action are not provided with notice of a judge's ruling at the time the judge signs an order. Rather, only after the order is filed with the clerk of court are the parties given notice of the order and provided with an opportunity to comply with the order. In this case, both parties submitted proposed orders and they were unaware of which order the judge signed until after the order was filed with the clerk of court. Thus, appellants lacked knowledge that the ten-day time period had begun to run until after the order was filed. By holding that the appellants were bound from the date the order was signed, the circuit court judge left appellants with only six days to accomplish what the order stated they had ten days to do. Additionally, had the judge waited ten days or more to file the order, the appellants would have been placed in a situation which rendered it impossible to comply with the mandates of the order.

We conclude that the effective date of the trial judge's order was September 23, 1996, and the appellants had ten days from the effective date to amend their complaint. Therefore, appellants properly filed and served their amended complaint within ten days of the order. As a result, the trial judge erred in dismissing the Hospital as a defendant.

Accordingly, the order of the trial judge dismissing the Hospital as a defendant in the action is

**REVERSED.**

HEARN and STILWELL, JJ., concur.