624 S.E.2d 643

**Michael E. UPCHURCH, Respondent,**

v.

**Susan O. UPCHURCH, Petitioner.**

**No. 26090.**

Supreme Court of South Carolina.

Heard Sept. 21, 2005.

Decided Jan. 3, 2006.

20

Gregory Samuel Forman, of Charleston, for Petitioner.

Lucius Scott Harvin, of Hetrick Law Firm, of Walterboro, for Respondent.

Chief Justice TOAL:

We granted certiorari to review the court of appeals' dismissal of Susan Upchurch's appeal of a family court order as untimely. *Upchurch v. Upchurch*, 359 S.C. 254, 597 S.E.2d 819 (Ct.App.2004). We also review the family court's award of child support and denial of attorney's fees. We affirm in part and reverse in part.

## FACTUAL / PROCEDURAL BACKGROUND

Michael E. Upchurch ("Husband") and Susan O. Upchurch ("Wife") were married in March of 1981. The parties had three children together. They were divorced in February of 2001.

The parties entered into a separation agreement, which was incorporated into the final divorce decree. The divorce decree granted joint custody to the parties, with Husband designated as the primary custodial parent. At the time of the divorce, the family court relied on the incorporated separation agreement in determining the need for child support. The separation agreement provided that "[d]ue to the current financial situation of the parties, including wife's establishment of a new household in Charleston, South Carolina, the husband waives child support. The husband and wife may decide to revisit the issue of child support should the financial situation of either party change dramatically." On September 26, 2001, Husband brought a petition requesting that Wife pay private school tuition and child support for their minor children. Wife counterclaimed for attorney's fees.

At the hearing, Husband testified about changed circumstances including his oldest daughter's college expenses, increased medical costs uncovered by insurance, and orthodontic treatment for all three children. Wife objected only to the relevance of testimony regarding the college expenses of the oldest child, these expenses having occurred beyond the daughter's eighteenth birthday.

The family court denied Husband's claim for private school tuition, but granted his petition for child support in accordance with the statutory guidelines, retroactive to the filing of the petition. The family court denied Wife's counterclaim for attorney's fees.

The family court order was signed on May 30, 2002. The following day, the court's administrative assistant mailed the original signed order to the clerk of court with a letter requesting that the clerk file the order and send certified copies to the attorneys of record. This letter, including copies of the signed order, was carbon copied to both attorneys of record. The order was not filed until June 12, 2002. Wife did not receive service of the filed order until August 23, 2002, and on September 11, 2002, Wife appealed.

The court of appeals dismissed the action as untimely. This Court granted certiorari to review the following issues:

I. Did the court of appeals err in dismissing Wife's appeal as untimely?

II. Did the family court err in awarding child support without a showing of a dramatically changed financial situation or changed circumstances?

III. Did the family court err in allowing the presentation of evidence regarding changed circumstances?

IV. Did the family court err in awarding retroactive child support?

V. Did the family court err in denying Wife's claim for attorney's fees?

## LAW / ANALYSIS

### I. Timing of the Appeal

Wife argues that the court of appeals erred in dismissing her appeal as untimely. We agree.

Our Court rules provide that "[a] notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of *entry* of the order or judgment." Rule 203(b), SCACR (emphasis added). Generally, a judgment is effective only when so set forth and entered in the record. Rule 58(a) SCRCP. An order is not final until it is entered by the clerk of court; and until the order or judgment is entered by the clerk of the court, the judge retains control of the case. *Bowman v. Richland Mem'l Hosp.*, 335 S.C. 88, 91, 515 S.E.2d 259, 260 (Ct.App.1999) (citations omitted). However, "the moment ... [the order] is filed by the clerk of

court, it becomes the judgment of the court, and fixes the rights of the parties." *Archer v. Long,* 46 S.C. 292, 295, 24 S.E. 83, 84 (1896). Stated otherwise, the effective date of an order is not when it is signed by the judge, but when it is entered by the clerk of court. *Bowman,* 335 S.C. at 93, 515 S.E.2d at 261.

Two court of appeals cases offer further analysis as to when notice occurs under our procedural rules.

In *Bowman v. Richland Mem'l Hosp.,* the trial court dismissed the respondent as a party based on the appellants' failure to amend the complaint within ten (10) days of the date of the trial court's order. *Id.* at 90, 515 S.E.2d at 259. The order was signed on September 19, 1996, but was not entered by the clerk until September 23, 1996. The appellants served an amended complaint on October 2, 1996, which was 13 days after the order was signed and 9 days after the order was filed. The court of appeals held that the appellant's amendment of the complaint was timely, finding that the "final and effective date of the trial judge's order was the date the order was entered by the clerk of court . . ., not when the order was signed." *Id.* at 92, 515 S.E.2d at 261.

In *Rosen, Rosen & Hagood v. Hiller,* the court of appeals addressed the notice requirement under Rule 12(a), SCRCP.[1] 307 S.C. 331, 415 S.E.2d 117 (Ct.App.1992). The appellant in the *Rosen* case made a motion to the trial court for a change of venue. The motion was denied after the appellant failed to appear at the hearing. The respondent's attorney mailed a letter to the appellant which included an unsigned, undated, and unfiled copy of the order issued by the court denying appellant's motion. The respondent subsequently moved for an order of default because the appellant did not file an answer as required by Rule 12(a), SCRCP. The appellant argued that he had not received notice of the court's action because he had not received the signed, dated, and filed order as required by Rule 77(d), SCRCP.[2] The court of appeals

---

1. Rule 12(a), SCRCP, provides that "if the Court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 15 days after *notice of the Court's action* . . . " (emphasis added).

2. Rule 77(d), SCRCP states that "immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by first

rejected this argument, stating "we see nothing in Rule 12(a) that requires the actual filed order be served upon a party to affect notice [of the court's action]." *Id* at 334, 415 S.E.2d at 118.

Because a critical issue of this case is *entry* of the order of judgment, we find the instant case more comparable with *Bowman*. In *Bowman*, the court held that principles of fairness and equity required a finding of timeliness because "parties to an action are not provided notice of a judge's ruling at the time the judge signs an order. Rather, only after the order is filed with the clerk of court are the parties given notice of the order." *Bowman*, 335 S.C. at 92, 515 S.E.2d at 261. To hold Wife responsible for notice of an event that had not yet occurred runs afoul of the notions of fairness and equity articulated in *Bowman*.

■■ By its plain language, Rule 203(b) requires notice of entry of the order. Entry of the order occurs when the clerk of court files the order. Delivery of the order to the clerk is not analogous to the entry of the order. Accordingly, we hold that the time to file a notice of appeal pursuant to Rule 203(b), SCACR, begins to run when written notice that the order has been entered into the record by the clerk of court has been received. Therefore, the May 31st letter from the judge's assistant was not notice of entry of judgment; the very language of the letter indicated that the order had not yet been filed. Accordingly, the court of appeals erred in dismissing the appeal as untimely.

## II. Child Support

Wife contends that the family court erred in awarding child support without a showing of dramatically changed financial situation or changed circumstances. We agree.

---

class mail upon every party affected thereby who is not in default for failure to appear, and shall make a note in the case file or docket sheet of the mailing. Such mailing shall not be necessary to parties who have already received notice. Such mailing is sufficient notice for all purposes for which notice of the entry of an order or judgment is required by these rules; but any party may in addition serve a notice of entry on any other party in the manner provided in Rule 5 for the service of such papers."

In order to determine the proper standard, we must first determine if this is 1) an action to establish an order of child support or 2) an action to modify an order of child support.

■■■■■■ Generally, a petition is treated as an action to establish child support if the issue was not addressed previously in the separation agreement or the divorce decree. *McElrath v. Walker*, 285 S.C. 439, 440, 330 S.E.2d 313, 313 (Ct.App.1985). However, when the divorce decree or separation agreement addresses the issue of child support, the petition is considered one for modification. *Miller v. Miller*, 299 S.C. 307, 310–11, 384 S.E.2d 715, 716–17 (1989) (reviewing the denial of a petition to decrease child support set by the divorce decree using the modification standard of changed circumstances). Additionally, it is possible for the issue of child support to be held in abeyance by the divorce decree or incorporated separation agreement. *Boyer v. Boyer* 291 S.C. 183, 184–85, 352 S.E.2d 514, 515–16 (Ct.App.1987) (holding that the court could award child support without a showing of changed circumstances where the original divorce decree awarded child support to be set after a specified time upon petition to the court). Nevertheless, an agreement between the parents may not affect the basic support rights of minor children. *Lunsford v. Lunsford*, 277 S.C. 104, 105, 282 S.E.2d 861, 862 (1981). Notwithstanding any provisions of a separation agreement, the family court retains jurisdiction to do whatever is in the best interest of the children. *Moseley v. Mosier*, 279 S.C. 348, 351, 306 S.E.2d 624, 626 (1983).

■■■■■ We hold that the petition in the instant case was one for modification of child support. The separation agreement, which was incorporated into the divorce decree, specifically addresses the issue of child support. Furthermore, there is no indication in the separation agreement or the divorce decree that the issue of child support would be held in abeyance. Therefore, any subsequent review of the issue by the family court would be for modification.

The separation agreement, in the instant case, provided that the parties may "revisit the issue of child support should the financial situation of either party change dramatically." This language essentially mirrors the court's own changed circumstances standard for modification of child support obligations.

Therefore, the court's application of the changed circumstances standard encompasses the standard agreed on by the parties. Accordingly, we do not need to determine if parties may change the standard for modification of a child support award by agreement. Therefore, applying the standard of changed circumstances, we find that Husband did not provide sufficient evidence to warrant a modification of the original decree.

 A child support award rests in the discretion of the trial judge, and will not be altered on appeal absent abuse of discretion. *Hallums v. Hallums*, 296 S.C. 195, 197, 371 S.E.2d 525, 527 (1988). However, in reviewing an appeal from the family court, the appellate court may find the facts in accordance with its own view of the preponderance of the evidence. *Scott v. Scott*, 354 S.C. 118, 124, 579 S.E.2d 620, 623 (2003).

 The family court may always modify child support upon a proper showing of a change in either the child's needs or the supporting parent's financial ability. *Moseley*, 279 S.C. at 351, 306 S.E.2d at 626. The party seeking the modification has the burden to show changed circumstances. *Miller*, 299 S.C. at 310, 384 S.E.2d at 716. This burden is increased where the child support award is based on a settlement agreement. *Townsend v. Townsend*, 356 S.C. 70, 74, 587 S.E.2d 118, 120 (Ct.App.2003). However, changes within the contemplation of the parties at the time of the initial decree are not sufficient bases for the modification of a child support award. *Miller*, 299 S.C. at 310, 384 S.E.2d at 717. Further, general testimony regarding increased expenses, without specific evidentiary support, is an insufficient showing of changed circumstances. *Thornton v. Thornton*, 294 S.C. 512, 516, 366 S.E.2d 37, 39 (Ct.App.1988).

 Husband testified generally about changed circumstances, but provided few concrete figures to support his claim. Husband also relied on expenses such as orthodontic bills and private school tuition which were likely anticipated at the time of the separation agreement and divorce decree.[3]

---

3. Husband filed the petition for child support just eight months after the order of divorce.

This testimony alone does not provide sufficient proof of a change in the children's needs or circumstances to modify the previous child support order.

Additionally, Wife did not submit a financial declaration in the initial divorce proceeding. Therefore, in the present case, the family court faced further challenges in determining if Wife's current financial situation differed from her situation at the time of the divorce. Evidence was presented to show that Wife no longer had a house in Charleston as outlined in the divorce decree, but no further evidence of changed circumstances appears in the record.

Accordingly, this Court finds that Husband failed to prove changed circumstances and the record is insufficient to justify the modification of the child support award. Therefore, the family court's order awarding child support to Husband is reversed.

### III. Evidence of Changed Circumstances

 Wife asserts that the family court erred in allowing the presentation of evidence regarding changed circumstances not pled in the Husband's complaint. We disagree.

 "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Rule 15(b), SCRCP; *McCurry v. Keith*, 325 S.C. 441, 447, 481 S.E.2d 166, 169 (Ct.App.1997). If a party does not object to the evidence when presented at trial, the issue is considered tried by consent. *Simmons v. Tuomey Reg'l Med. Ctr.*, 330 S.C. 115, 120 n. 2, 498 S.E.2d 408, 410 n. 2 (Ct.App.1998).

Wife consented to the presentation of the evidence regarding changed circumstances because she only objected to the testimony regarding college expenses for the oldest child. Wife did not object to any other testimony presented at trial. Accordingly, we affirm the family court's admission of testimony regarding changed circumstances.

### IV. Retroactive Child Support

Wife contends that the family court erred in awarding child support retroactive to the filing of the petition for support. We agree.

The award of retroactive child support is incident to the award of general child support. Because we reverse the family court's award of child support, the award of retroactive child support does not need to be addressed.

## V. Attorney's Fees

Wife contends that the family court erred in denying her claim for attorney's fees. We disagree.

South Carolina Code Ann. § 20–7–420(A)(38) (Supp.2004) authorizes the family court to award attorney's fees. The award of attorney's fees is left to the discretion of the trial judge and will only be disturbed upon a showing of abuse of discretion. *Ariail v. Ariail,* 295 S.C. 486, 489, 369 S.E.2d 146, 148 (Ct.App.1988). In making this determination, the court should evaluate the requesting party's ability to pay, the parties' respective financial conditions, the effect of the award on each party's standard of living, and the beneficial results achieved. *Patel v. Patel,* 359 S.C. 515, 533, 599 S.E.2d 114, 123 (2004). Beneficial result alone is not dispositive of whether a party is entitled to attorney's fees. *Mazzone v. Miles,* 341 S.C. 203, 214, 532 S.E.2d 890, 894 (Ct.App.2000).

The family court did not make any specific findings as to the reasons for denial of the request for attorney's fees. Further, in light of the evidence in the record, we cannot conclude that either party is in a position to pay the other's attorney's fees. Accordingly, the family court did not abuse its discretion in denying Wife's claim for attorney's fees.

### CONCLUSION

Based on the above reasoning, we reverse the court of appeals' decision dismissing Wife's appeal as untimely. We also reverse the family court's modification of child support and the award of retroactive child support. Finally, we affirm the admission of testimony regarding changed circumstances and the denial of wife's claim for attorney's fees.

MOORE, WALLER, and BURNETT, JJ., concur. PLEICONES, J., concurring in result only.