THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 James Richard
 Miles, Appellant,
 v.
 Theodora M.
 Miles, Respondent.
 
 
 

Appeal From Greenwood County
Brian M. Gibbons, Family Court Judge
Unpublished Opinion No. 2009-UP-007
Submitted December 1, 2008  Filed January
7, 2009    
AFFIRMED

 
 
 
 Matthew P. Turner and J. Michael Turner Sr., both of Laurens, for
 Appellant.
 Rauch C. Wise and Marvin R. Watson, both of Greenwood, for
 Respondent.
 
 
 

PER CURIAM: James R. Miles appeals from the family courts order:
 (1) maintaining his obligation to provide health and dental insurance to his
 former wife, and (2) awarding attorneys fees of $1,000 to his former wife.  We affirm pursuant to Rule 220(b)(2),
 SCACR, and the following authorities:
1.  Regarding Miless obligation to maintain his former wifes
 health and dental insurance through his former employers health insurance
 plan, pursuant to the parties Agreement and the courts subsequent divorce
 decree of August 16, 2000: Smith-Cooper
 v. Cooper, 344 S.C. 289, 295, 543 S.E.2d 271, 274 (Ct. App. 2001) ([W]here
 an agreement is clear and capable of legal construction, the courts only
 function is to interpret its lawful meaning and the intent of the parties as
 found within the agreement.); Lindsay v. Lindsay, 328 S.C. 329, 337,
 491 S.E.2d 583, 587 (Ct. App. 1997) (Unambiguous marital agreements will be
 enforced in accordance with their terms, while ambiguous agreements will be
 examined in the same manner as other agreements in order to determine the
 intention of the parties.).  
2.  Regarding the family courts award of $1,000 in attorneys
 fees to Miless former wife:  S.C. Code
 Ann. § 20-7-420(38) (Supp. 2007) (granting the family court jurisdiction to
 award a reasonable sum for attorneys fees if the request appears
 well-founded); Upchurch v. Upchurch, 367 S.C. 16, 28, 624 S.E.2d 643,
 648-49 (2006) (The award of attorneys fees is left to the discretion of the
 trial judge and will only be disturbed upon a showing of abuse of discretion.); Glasscock v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991)
 (stating the family court should consider the following factors in determining
 reasonable attorneys fees: (1) the
 nature, extent, and difficulty of the case; (2) the time necessarily devoted to
 the case; (3) professional standing of counsel; (4) contingency of compensation;
 (5) beneficial results obtained; and (6) the customary legal fees for similar
 services).
AFFIRMED.[1] 
WILLIAMS,
PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.