THIS OPINION
 HAS NO PRECEDENTIAL VALUE, IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 William Francis
 Ryan, Jr., Respondent,
 v.
 Lois Jean Ryan, Appellant.
 
 
 

Appeal From Oconee County
 Tommy B. Edwards, Family Court Judge

Unpublished Opinion No. 2009-UP-104
 Heard January 21, 2009  Filed March 2,
2009 

REVERSED AND REMANDED

 
 
 
 Candy M. Kern-Fuller, of Piedmont, for
 Appellant.
 Robert K. Whitney, of Seneca, for
 Respondent.
 
 
 

PER CURIAM:  In
 this action for separate support and maintenance, Lois Jean Ryan (Wife) appeals
 the family court's award of alimony, apportionment of marital property, and
 award of attorney's fees.  We reverse and remand.
FACTS / PROCEDURAL HISTORY
Wife
 and William Francis Ryan (Husband) were married approximately twenty years
 before they separated in 2005.  Husband subsequently filed this action
 requesting separate maintenance and support, division of the marital property,
 and attorney's fees.  
After
 a hearing, the family court issued a final order of separate maintenance.  In
 its order, the family court awarded Husband alimony and attorney's fees,
 awarded Wife the marital home, ordered Wife to provide Husband medical
 insurance, and equally apportioned the marital property.  This appeal
 followed. 
LAW / ANALYSIS
I. ALIMONY
Wife argues the family court erred in awarding Husband
 alimony without weighing the factors set forth in section 20-3-130(C) of the
 South Carolina Code (Supp. 2008).  Specifically, Wife asserts the family court
 should have considered Husband's fault contributing to the breakup of the
 marriage.  Moreover, Wife asserts Husband's adultery barred an award of
 alimony.  Finally, Wife argues even if the family court did not err in awarding
 Husband alimony, the amount of the award was grossly disproportionate.
The
 family court judge may grant alimony in such amounts and for such term as the
 judge considers appropriate under the circumstances.  Smith v. Smith,
 327 S.C. 448, 462, 486 S.E.2d 516, 523 (Ct. App.1997).  The family court is
 required to consider the following factors in making an alimony award: (1)
 duration of the marriage; (2) physical and emotional health of the
 parties; (3) educational background of the parties; (4) employment history and
 earning potential of the parties; (5) standard of living established during the
 marriage; (6) current and reasonably anticipated earnings of the parties; (7)
 current and reasonably anticipated expenses of the parties; (8) marital and
 nonmarital properties of the parties; (9) custody of children; (10) marital
 misconduct or fault; (11) tax consequences; and (12) prior support obligations;
 as well as (13) other factors the court considers relevant. S.C.Code Ann. § 20-3-130(C)
 (Supp. 2008).  The court must consider all relevant factors in determining
 alimony.  Davis v. Davis, 372 S.C. 64, 80, 641 S.E.2d 446,
 454 (Ct. App. 2006); see also Patel v. Patel, 347 S.C. 281,
 290, 555 S.E.2d 386, 391 (2001) (finding the trial court's denial of alimony
 was erroneous because the court did not address "several important factors"
 when determining no alimony should be awarded).  "Our inquiry on appeal is
 not whether the family court gave the same weight to particular factors as this
 court would have; rather, our inquiry extends only to whether the family court
 abused its considerable discretion in assigning weight to the applicable
 factors." Allen v. Allen, 347 S.C. 177, 186, 554 S.E.2d 421, 425
 (Ct. App. 2001). 
Here,
 both Husband and Wife testified at the hearing that Husband's misconduct or
 fault contributed to the breakup of their marriage.  Specifically, Husband
 testified he and Wife separated because his "son had [him] arrested for
 assault and battery."  Wife also pursued two restraining orders against
 husband because of his abusive behavior toward their son.  
The
 family court, however, did not consider this testimony in determining alimony. 
 In fact, the order provides: "neither party alleged marital misconduct on
 the other that could constitute fault grounds for divorce."  Pursuant to
 section 20-3-130(C)(10), the family court should have considered fault, even
 though it was not used as a basis for divorce or separate maintenance. 
 Accordingly, we remand this issue to the family court and direct the court to redetermine
 alimony, considering all relevant factors, especially including Husband's
 fault.
Wife's
 argument that Husband's adultery bars the award of alimony is without merit. 
 The only testimony at the hearing regarding adultery concerned an affair that
 occurred several years before the couple's separation, and the couple
 reconciled after Husband's affair.  See Doe v. Doe, 286
 S.C. 507, 512, 334 S.E.2d 829, 832 (Ct. App. 1985) (holding husband could not
 avail himself of the statute barring alimony to an adulterous spouse when
 husband condoned wife's adultery; thus wife was still
 eligible for alimony).
 We need not address the issue of whether the alimony was grossly
 disproportionate because we are remanding this case for a redetermination of
 alimony.  See Futch v. McAllister Towing of Georgetown, 335 S.C.
 598, 613, 518 S.E.2d 591, 598 (Ct. App. 1991) (holding an appellate court need
 not review remaining issues when its determination of a prior issue is
 dispositive of the appeal). 
II. MARITAL AND
 NON-MARITAL PROPERTY 
Wife
 argues the family court erred by failing to weigh Husband's fault in the
 breakup of the marriage in apportioning the marital property.  Wife also argues
 the family court erred by apportioning non-marital property.
In determining an
 equitable distribution of marital property, the family court must identify,
 value, and equitably apportion the property.  Johnson v. Johnson, 288
 S.C. 270, 276, 341 S.E.2d 811, 815 (Ct. App. 1986).  The court must consider
 several factors in making an equitable distribution.  S.C.
 Code Ann. § 20-3-620 (Supp. 2008) (outlining
 fifteen factors for the family court to consider in equitable distribution).  Included
 in those factors is the marital misconduct or fault of either party.  S.C. Code Ann § 20-3-620(2)
 (Supp. 2008).
Here,
 as set forth above, the only mention of Husband's fault in the family court
 order provides: "neither party alleged marital misconduct on the other
 that could constitute fault grounds for divorce."  Because the family
 court failed to consider Husband's fault when apportioning marital property, we
 reverse and remand this issue for the family court to examine all of the
 factors set forth in section 20-3-620 and redetermine the equitable
 distribution of the marital property.
We
 need not address Wife's argument regarding nonmarital property because we are
 remanding the entire issue of apportionment to the family court.  See Futch,
 335 S.C. at 613, 518 S.E.2d at 598.
III. ATTORNEY'S FEES
Wife
 argues the family court erred by awarding Husband attorney's fees without
 making specific findings of fact on the record regarding each of the required
 factors to be considered.
In a
 family court matter, "[t]he award of attorney's fees . . . will only be
 disturbed upon a showing of abuse of discretion."  Upchurch v.
 Upchurch, 367 S.C. 16, 28, 624 S.E.2d 643, 648 (2006).  "A
 decision lacking a discernible reason is arbitrary and constitutes an abuse of
 discretion."  Johnson v. Johnson, 296 S.C. 289, 304, 372
 S.E.2d 107, 115 (Ct. App. 1988).  
The
 family court has jurisdiction to award reasonable attorney's fees when a claim
 for attorney's fees is well-founded.  S.C. Code Ann. §§ 20-3-120-140 (Supp.
 2008).  The decision whether to award attorneys fees is within the
 discretion of the family court.  Upchurch, 367 S.C. at 28, 624
 S.E.2d at 648.  In determining whether to award attorney's fees, the
 family court should consider each party's ability to pay his or her own fees,
 the beneficial results obtained, the parties' respective financial conditions,
 and the effect of the fee on the parties' standards of living.  E.D.M.
 v. T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).  
Here,
 we are reversing and remanding this action to the family court.  Husband's
 attorney, therefore, has not obtained beneficial results on appeal.  Accordingly,
 we vacate the family court's award of attorney's fees.    
CONCLUSION
As
 set forth above, we reverse and remand this action for the family court to
 reexamine the issues of alimony, equitable distribution, and attorney's fees.
REVERSED
 AND REMANDED.
SHORT
and KONDUROS, JJ., and GOOLSBY, A.J., concur.