**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Becky Lynette West, Appellant,

v.

Luck Avenue Properties, Inc., a/k/a Luck Avenue Properties, LLC, Respondent.

Appellate Case No. 2013-002602

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-415
Submitted October 1, 2014 – Filed November 26, 2014

**REVERSED AND REMANDED**

Kevin Michael Hughes, of North Myrtle Beach, for Appellant.

Christopher H. Pearce, of The Pearce Law Group, P.C., of Myrtle Beach, for Respondent.

**PER CURIAM:** Becky Lynette West appeals the trial court's order denying her motion to restore this case to the trial docket pursuant to Rule 40(j), SCRCP. On appeal, West argues the trial court erred by finding the effective date of the order

striking the case was the date the order was signed, and not the date it was filed. We agree. *See Bowman v. Richland Mem'l Hosp.*, 335 S.C. 88, 92, 515 S.E.2d 259, 261 (Ct. App. 1999) (holding the effective date of a trial court order is the date the order is entered by the clerk of court, not the date the order is signed). We further find West's motion to restore the case was filed within a year of the order striking the case; thus, the statute of limitations on her claim is tolled until the case is restored. *See* Rule 40(j), SCRCP (providing "if the claim is restored upon motion made within [one] year of the date stricken, the statute of limitations shall be tolled . . . [until] the date that the claim is restored"). Accordingly, we reverse and remand to the trial court for a new order restoring this case to the trial docket.

**REVERSED AND REMANDED.**[1]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.