**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Terry and Suzette Patton, Appellants,

v.

American Lifestyle Homes, LLC, Rufus G. Revis d/b/a American Lifestyle Homes, and Anderson Brothers Concrete, LLC, Marcus Clinkscales a/k/a Marcus Anderson d/b/a Anderson Brothers Concrete, LLC, and Scott Brown, Respondents.

Appellate Case No. 2015-000647

———————

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-445
Submitted September 1, 2016 – Filed November 2, 2016

———————

**AFFIRMED**

———————

Candy M. Kern-Fuller, of Upstate Law Group, LLC, of Easley, for Appellants.

Geoffrey William Gibbon and Jeanmarie Tankersley, both of McAngus Goudelock & Courie, LLC, of Greenville, for Respondent Scott Brown.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 40(j), SCRCP (providing for the tolling of the statute of limitations for a claim stricken under this subsection if the claim is restored upon motion made within one year of the date stricken); *Maxwell v. Genez*, 356 S.C. 617, 621, 591 S.E.2d 26, 28 (2003) ("[T]he unambiguous language [of Rule 40(j), SCRCP,] provides that, if the claim is restored within one year after it is stricken, the statute of limitations is tolled for that period."); *Bowman v. Richland Mem'l Hosp.*, 335 S.C. 88, 91, 515 S.E.2d 259, 260 (Ct. App. 1999) ("An order is not final until it is written and entered by the clerk of court."); *Upchurch v. Upchurch*, 367 S.C. 16, 24, 624 S.E.2d 643, 647 (2006) ("Entry of the order occurs when the clerk of court files the order."), *disapproved of on other grounds by Miles v. Miles*, 393 S.C. 111, 711 S.E.2d 880 (2011).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.