**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jack Powell, Appellant,

v.

Medical University of South Carolina, Respondent.

Appellate Case No. 2015-001331

———————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-377
Submitted September 12, 2019 – Filed December 11, 2019

———————

**AFFIRMED**

———————

Jack Powell, of Charleston, pro se.

M. Dawes Cooke, Jr., and John William Fletcher, both of Barnwell Whaley Patterson & Helms, LLC, of Charleston; and John Arthur Jones, of Gallivan, White & Boyd, PA, of Charleston, for Respondent.

———————

**PER CURIAM:**  Jack Powell, pro se, appeals an order granting summary judgment in favor of the Medical University of South Carolina (MUSC).  On appeal, Powell argues the circuit court erred in (1) failing to recognize his false arrest conviction was reversed; (2) allowing MUSC's attorney to make

inflammatory and untruthful statements, and not allowing Powell to argue about the untruths; (3) hearing the summary judgment motion before Powell received discovery; (4) "overloading with too many motions" and making mistakes;[1] (5) not knowing MUSC's legal procedures; (6) not ruling on false arrest; (7) not stating in its order that summary judgment was granted because Powell did not respond to MUSC's memorandum in support of summary judgment; (8) stating Powell needed an expert affidavit; (9) "repeatedly chastis[ing]" Powell at another hearing; and (10) failing to recognize MUSC committed assault and battery, intentional infliction of emotional distress, gross negligence, false arrest, and false imprisonment. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The circuit court did not err in not recognizing Powell's trespassing conviction was reversed and in granting MUSC summary judgment on Powell's false arrest and false imprisonment claim. We construe Powell's May 2015 "Motion to Amend Reconsideration" as a Rule 60(b), SCRCP, motion based on newly discovered evidence. The circuit court did not abuse its discretion in denying the motion because the reversal of Powell's trespassing conviction did not change the result of the circuit court's order granting MUSC summary judgment on Powell's claims. *See Jamison v. Ford Motor Co.*, 373 S.C. 248, 271, 644 S.E.2d 755, 767 (Ct. App. 2007) ("Generally, the decision to grant a new trial under Rule 60(b)[, SCRCP,] lies within the sound discretion of the circuit court."); *id.* ("The appellate court will reverse a [circuit] court's decision regarding the grant or denial of a Rule 60(b) motion only if it amounts to an abuse of discretion."); Rule 60(b)(2) (providing the circuit court may relieve a party from a judgment based upon "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)"); *Jamison*, 373 S.C. at 272, 644 S.E.2d at 767 ("To obtain a new trial based on newly discovered evidence, a movant must establish that the newly discovered evidence: (1) will probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial; (4) is material to the issue; and (5) is not merely cumulative or impeaching."). The circuit court referenced Powell's trespassing conviction when finding summary judgment was appropriate as to Powell's false imprisonment claim.[2] The reversal of Powell's trespassing conviction did not

---

[1] This claim of error is against the clerk of court.

[2] The circuit court did not rely on Powell's prior trespassing conviction when granting MUSC summary judgment on Powell's claims of assault and battery, gross negligence, intentional infliction of emotional distress, and slander; thus, the reversal of that conviction did not impact those claims.

create an issue of material fact as to whether the officers had probable cause to arrest Powell. *See Hancock v. Mid-S. Mgmt. Co.*, 381 S.C. 326, 329, 673 S.E.2d 801, 802 (2009) ("Summary judgment is appropriate where there is no genuine issue of material fact and it is clear the moving party is entitled to a judgment as a matter of law."); *id.* at 329-30, 673 S.E.2d at 802 ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party."); *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 441, 629 S.E.2d 642, 651 (2006) ("Probable cause is defined as a good faith belief that a person is guilty of a crime when this belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise."). Powell admitted in a deposition he was cursing and yelling at the hospital staff. Thus, the officers had probable cause to arrest him, his arrest was lawful, and Powell cannot prevail on a claim of false imprisonment. *See id.* at 440, 629 S.E.2d at 651 ("To prevail on a claim for false imprisonment, the plaintiff must establish . . . the restraint was unlawful."); *id.* at 441, 629 S.E.2d at 651 ("The fundamental issue in determining the lawfulness of an arrest is whether there was probable cause to make the arrest."); *id.* ("Although the question of whether probable cause exists is ordinarily a jury question, it may be decided as a matter of law when the evidence yields but one conclusion."); S.C. Code Ann. § 16-17-530 (2015) (providing it is a misdemeanor to conduct oneself "in a disorderly or boisterous manner" or "use obscene or profane language" in a public place); *State v. Roper*, 274 S.C. 14, 18, 260 S.E.2d 705, 707 (1979) (finding police had probable cause to arrest the defendants for disorderly conduct when, "upon the police's stopping them, [they] immediately jumped from the car, shouting profanities").

2. The circuit court did not err in granting MUSC summary judgment on Powell's negligence claims. Powell's allegations of negligence by doctors and medical personnel were allegations of medical negligence that required a medical affidavit. *See Jernigan v. King*, 312 S.C. 331, 333, 440 S.E.2d 379, 381 (Ct. App. 1993) ("In a medical malpractice action the plaintiff must establish by expert testimony both the required standard of care and the defendant's failure to conform to the standard, unless the subject matter lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the defendant's conduct."). Powell did not submit an expert affidavit; thus, the circuit court properly granted summary judgment on those claims. *See id.* at 334, 440 S.E.2d at 381 ("Thus, on a defendant's motion for summary judgment, there will usually be no genuine issue of material fact unless the plaintiff presents expert testimony on the standard of care and its breach by the defendant."). Powell's allegations of negligence by the security guards and public safety officers relate to the manner in

which they chose to provide police protection. Thus, those claims are barred by the South Carolina Tort Claims Act. *See Huggins v. Metts*, 371 S.C. 621, 624, 640 S.E.2d 465, 467 (Ct. App. 2006) (finding section 15-78-60(6) of the South Carolina Code (2005) exempted police from liability for negligence "concerning the methods which they choose to utilize to provide police protection"). Further, Powell did not submit any affidavits or discovery to support his claims of negligence; thus, the circuit court properly granted summary judgment. *See* Rule 56(e), SCRCP ("[A]n adverse party may not rest upon the mere allegations or denials of his pleading [when defending against summary judgment], but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.").

3. The circuit court did not err in granting MUSC summary judgment on Powell's assault and battery claim. *See* S.C. Code Ann. § 15-78-60(17) (2005) ("The governmental entity is not liable for a loss resulting from . . . employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.").

4. The circuit court did not err in granting MUSC summary judgment on Powell's claim of intentional infliction of emotional distress. *See* S.C. Code Ann. § 15-78-50(a) (2005) ("Any person who may suffer a loss proximately caused by a tort of the State, an agency, a political subdivision, or a governmental entity, and its employee acting within the scope of his official duty[,] may file a claim as hereinafter provided."); S.C. Code Ann. § 15-78-30(f) (2005) ("'Loss' . . . does not include the intentional infliction of emotional harm.").

5. The issues of whether the circuit court erred in (1) hearing the summary judgment motion before Powell received discovery, (2) "overloading with too many motions" and making scheduling mistakes, (3) not ruling on Powell's motion to recuse Judge Dennis before ruling on his "motion to amend reconsideration," and (4) chastising Powell during another hearing are not preserved for this court's review.[3] *See Doe v. S.B.M.*, 327 S.C. 352, 356, 488 S.E.2d 878, 880 (Ct. App. 1997) ("Objections not raised in the trial court cannot be relied on in the appellate court."); *id.* ("A contemporaneous objection is required to properly preserve an error for appellate review."); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) ("It is well settled that an issue may

---

[3] This section addresses arguments raised in support of Powell's third, fourth, and ninth issues.

not be raised for the first time in a post-trial motion."); *id.* ("[I]t is a litigant's duty to bring to the court's attention any perceived error, and the failure to do so amounts to a waiver of the alleged error.").

6.  The circuit court did not err by not stating in its order that it was granting summary judgment due to Powell's failure to respond to MUSC's memorandum in support of summary judgment. *See Bowman v. Richland Mem'l Hosp.*, 335 S.C. 88, 91, 515 S.E.2d 259, 260 (Ct. App. 1999) ("An order is not final until it is written and entered by the clerk of court."); *id.* ("Until an order is written and entered by the clerk of court, the judge retains discretion to change his mind and amend his ruling accordingly."); *Bayne v. Bass*, 302 S.C. 208, 210, 394 S.E.2d 726, 727 (Ct. App. 1990) (providing an oral ruling "is not a final ruling on the merits nor is it binding on the parties until it has been reduced to writing, signed by the [j]udge[,] and delivered for recordation").

7.  Powell's arguments that the circuit court erred in (1) allowing MUSC to make untruthful and inflammatory statements during the motion hearing, (2) not knowing MUSC's procedures, and (3) not recognizing the untruths are without merit.  As the plaintiff in this action, Powell had the burden of submitting evidence to support his pleadings.  Because Powell did not submit evidence at the hearing on MUSC's motion for summary judgment, the circuit court properly granted summary judgment. *See* Rule 56(e) ("[A]n adverse party may not rest upon the mere allegations or denials of his pleading [when defending against summary judgment], but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial.  If he does not so respond, summary judgment, if appropriate, shall be entered against him."). Further, the circuit court did not abuse its discretion in declining to consider evidence Powell submitted after the summary judgment hearing.  Other than evidence showing his trespassing conviction was reversed, any evidence Powell attempted to submit with his motion for reconsideration and his motion to amend reconsideration was not timely submitted and thus was properly not considered by the circuit court. *See* Rule 56(c), SCRCP ("The adverse party [to a motion for summary judgment] may serve opposing affidavits not later than two days before the hearing."); *Black v. Lexington Sch. Dist. No. 2*, 327 S.C. 55, 60, 488 S.E.2d 327, 329 (1997) ("[T]he trial court may refuse to consider materials that were not timely served such that the opposing party had no time to prepare a response."); *Spreeuw v. Barker*, 385 S.C. 45, 68-69, 682 S.E.2d 843, 855 (Ct. App. 2009) (finding it could not consider a document that was submitted to the family court "only as an attachment to [the father's] Rule 59(e) motion").

**AFFIRMED.**[4]

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.